The money received for the tackle must be brought into the common fund, and Smith must be admitted as one of the salvors. I repeat that there is no question before me concerning the amounts which the several salvors shall have.

Captain Church, whose oxen were used, is entitled to a fair compensation for their use; but they cannot be salvors, nor make him one. Vessels are the only exception to the rule that the supply of tools or other things does not constitute their owner a salvor: The Charlotte, 3 W. Rob. Adm. 72; The Vine, 2 Hagg. Adm. 1. This exception stands on grounds of public policy; and the salvage compensation does not depend on any actual use of the vessel. It is a premium for permitting the service to be performed by the crew of the vessel, or by the vessel itself, as the case may be.

OTTAWA (HACKETT v.). See Case No. 5,-889.

OTTAWA, The (UNITED STATES v.). See Case No. 15,976.

## Case No. 10,618.

### OTTERIDGE v. THOMPSON.

[2 Cranch, C. C. 108.] [1]

Circuit Court, District of Columbia. Dec. Term, 1814.

RESIDENT ALIENS—COMPETENCY TO MAINTAIN PERSONAL ACTION.

An alien enemy, resident here by license of the government of the United States, is competent to maintain a personal action; and if residing here before the war, as a mechanic, and continuing so to reside until the time of bringing suit, the jury may presume that he was remaining here under the permission and license of the government; although he had not reported himself according to the president's proclamation.

Assumpsit. Plea, alien enemy. Replication that the plaintiff, at the time of the impetration of the writ, was resident in the United States, with the license of the government. General rejoinder, and issue.

Mr. Law, for plaintiff, said that the replication was according to a form in Story's Pleadings, and cited Wells v. Williams, 1 Ld. Raym. 282, 1 Salk. 46; Sparenburgh v. Bannatyne, 1 Bos. & P. 163, 165, and Clarke v. Johnson, 10 Johns. 59. It was proved that the plaintiff was a mechanic, and was here before the war, and continued to reside here until the action was brought.

Mr. Key, for defendant, objected that the defendant ought to have reported himself, according to the president's proclamation, in order to entitle himself to protection.

THE COURT, at the request of the plaintiff's counsel, instructed the jury that, from the circumstances above stated, they might presume that the plaintiff was residing here

under the permission and license of the government, although he had not reported himself according to the proclamation.

OTTMAN (UNITED STATES v.). See Case No. 15,977.

## Case No. 10,619.

### OTTS v. JONES.

[2 Cranch, C. C. 351.] [3]

Circuit Court, District of Columbia. Oct. Term, 1822.

COSTS—PAYMENT OF JUDGMENT BY ONE DEFENDANT—EVIDENCE IN FAVOR OF DEFENDANT.

If there are several actions against the maker and indorser of a promissory note, and judgment for the debt and costs be rendered against the maker, who pays the same, the indorser will not be permitted to give evidence of such payment by the maker, until the costs be paid in the action against the indorser.

Assumpsit against the indorser of a promissory note. Judgment had been rendered against the maker, who paid it, with costs. Mr. Lear, for defendant, contended that the plaintiff could not recover costs in this case; but

THE COURT refused to permit the defendant to give evidence of payment since the suit was brought, until the costs should be paid in the present case.

The defendant then confessed judgment for costs.

## Case No. 10,620.

### The OUACHITA.

[Blatchf. Pr. Cas. 306.] [1]

District Court, S. D. New York. Dec. 31, 1862. [2]

PRIZE — FALSE DESTINATION ON THE PAPERS OF THE VESSEL—SPOLIATION OF PAPERS.

1. The entire cargo of the vessel was contraband of war, and was thrown overboard while she was being chased, before her capture; and her claimant was part owner of another vessel recently condemned in this court for a violation of the same line of blockade.

2. If the vessel arrested as prize was acting in violation of public law, she is amenable to trial and condemnation therefor in behalf of the United States, whether the persons or means employed in making the seizure had authority to make it or not. It is enough that the government comes into the national court demanding the condemnation of an offender; and the court never inquires whether the party or thing proceeded against has been regularly or irregularly brought under attachment or complaint.

3. Vessel condemned for an attempt to violate the blockade and to introduce into the enemy's country a cargo of articles contraband of war.

4. A motion to redeliver to the master his nautical instruments denied, he having been actively engaged in acts of hostility against the rights of the United States and the public law.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[3] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Samuel Blatchford, Esq.]

[2] [Affirmed in Case No. 10,621.]