SPEIDEL et al. v. N. BARSTOW CO.

(District Court, D. Rhode Island. July 27, 1917.)

No. 60.

1. WAR ☞10(2)—ALIEN ENEMIES—RIGHT TO MAINTAIN SUIT.
An alien enemy resident in his own country is under disability during the war to institute and maintain a suit in this country, but this disability does not attach to alien enemies resident in this country.

2. WAR ☞10(2)—SUIT FOR INFRINGEMENT OF PATENT—EFFECT OF WAR.
A cause of action for infringement of a patent is indivisible, and where complainants in an infringement suit were partners and subjects of the German government, some residing in this country and some in Germany, on the declaration of a state of war between the two countries, the court will not dismiss the suit without prejudice as to the nonresident complainants, nor will it dismiss it entirely, but will stay it during the continuance of the war.

In Equity. Suit by F. Speidel and others against the N. Barstow Company. On motion to dismiss bill. Denied.

See, also, 232 Fed. 617.

Arthur P. Sumner, of Providence, R. I., for plaintiffs.
Cook & Cook, of Providence, R. I., for defendant.

BROWN, District Judge. The case is before the court upon the following motion:

"1. And now comes the defendant herein and respectfully represents to this honorable court that, as appears of record in the pleadings herein, the plaintiffs are Fredrich and Eugene Speidel, citizens of the German Empire, and subjects of the German Emperor, and residents of Pforzheim in the Grand Duchy of Baden, and Wilhelm Forstner and Walter Forstner, subjects of the German Emperor and residents of Providence, Rhode Island.

"2. That, as this honorable court has judicial notice, a state of war now exists between Germany and the United States.

"3. That the plaintiffs herein are, therefore, alien enemies, and are without right to ask for or obtain the relief sought by said bill while said state of war continues.

"Wherefore the defendant moves that this action be abated, and that the bill of complaint herein be dismissed without prejudice."

The bill for infringement of letters patent 890,896 was filed February 9, 1916, before the declaration of a state of war. It alleges that the plaintiffs are the lawful owners of the patent, and are copartners in business under the firm name of F. Speidel Company, with a regular and established place of business in Providence, R. I. It prays for an injunction, for an account of profits and damages, and also prays for threefold damages.

[1] It is conceded by plaintiffs' counsel that an alien enemy resident in his own country is under disability during the war to institute and maintain suit. That this disability applies to Fredrich and Eugene Speidel seems well settled by authority. According to good authority, however, this disability does not attach to the alien enemy plaintiffs resident in this country. Story's Equity Pleading, §§ 51–53, 724; Cooper's Chancery Pleading, 246, 247; Story's Pleadings in Civil Actions, pp. 10–12. See, also, a useful collection of authorities in "The Co-operator," June, 1917, p. 51 et seq.

It is unnecessary, however, to review the authorities, in view of our conclusion as to the proper order in this case.

[2] Assuming for the purposes of this motion that two of the plaintiffs are not under disability to sue, while two are under such disability by reason of their enemy nationality and their residence in Germany, the plaintiff suggests that to preserve the jurisdiction of this court the bill may be dismissed without prejudice as to the nonresident plaintiffs. The result of this, however, would be to expose the defendants to two suits for the identical subject-matter, and, should the defendant prevail in the first suit, the decree would afford it no protection against a second. Furthermore, an injunction would inure to the benefit of the nonresident as well as of the resident plaintiffs.

It seems entirely impractical also to proceed to an accounting of damages and profits and to make a decree therefor, and possibly a decree for threefold damages, and to provide that it should not give to the nonresidents profits or damages to which, during war, they would have no right.

The defendant is entitled to contest the validity of the patent in a single suit, and, if liable for profits and damages, there is but a single liability. The defendant could not be called upon to pay two judgments for profits and damages, one upon a suit by the resident plaintiffs, and one upon a suit by the nonresident plaintiffs after the termination of war and of their disability. "The monopoly granted by letters patent is one entire thing and cannot be divided into parts," except as authorized by the patent laws. Waterman v. Mackenzie, 138 U. S. 252, 255, 11 Sup. Ct. 334, 34 L. Ed. 923; Pope Mfg. Co. v. Gormully (No. 3) 144 U. S. 248, 12 Sup. Ct. 641, 36 L. Ed. 423. The plaintiffs, therefore, are asserting and the defendant denying an indivisible right; and the defendant can be liable only to a single money judgment for violation of that right.

These seem insuperable objections to a dismissal without prejudice to the plaintiffs, leaving two plaintiffs to prosecute the suit. But, even were equity rule 39 (198 Fed. xxix, 115 C. C. A. xxix) applicable, and if it could be read to confer upon this court a discretion thus to pro-

ceed, such discretion could not be so exercised as to expose the defendant to the burden and risks of two litigations and two judgments.

The proper course in my opinion is that followed by Judge Speer in Plettenberg, Holthaus & Co. v. I. J. Kalmon & Co. (D. C.) 241 Fed. 605, a case where all the plaintiffs were alien enemies resident in Germany, and which seems specially appropriate in a case where there is personal disability of some but not all the plaintiffs—to suspend the suit and all proceedings therein during the state of war, or until further order.

The defendant may present a draft order accordingly.