# Zeliznik *v.* Lytle Coal Company, Appellant.

*Alien enemies—Suspension of litigation—Statute of limitations —Workmen's compensation.*

A foreign or international war suspends the operation of rights of action between the citizens of the countries participating in the conflict, as long as the war continues, and on the restoration of peace all rights suspended during hostilities, or which remain dormant, are revived.

A war is not terminated until the ratification of the treaty of peace by the United States Senate. Prior to that time a state of

war technically exists between the belligerent country and the United States. When the treaties are ratified the rights and remedies suspended by the declaration of war are revived, and from that time the statute of limitations in the Workmen's Compensation Act becomes operative again.

A citizen of Czecho-Slovakia may recover in a claim under the Workmen's Compensation Act, brought within one year after the ratification of the treaty of peace, although more than two years after the date of the accident.

Siplyak v. Davis, Director General, 276 Pa. 49, followed.

Argued December 4, 1923. Appeal, No. 301, Oct. T., 1923, by defendant, from judgment of C. P. Schuylkill Co., July T., 1923, No. 334, affirming decision of Workmen's Compensation Board in the case of Sophie B. Zeliznik v. Lytle Coal Company, Ætna Life Insurance Company, Insurance Carrier. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from decision of the Workmen's Compensation Board. Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board. Defendant appealed.

*Error assigned* was, inter alia, the order, quoting it.

*James P. Harris,* for appellant.

*John W. Clemens,* for appellee.

OPINION BY HENDERSON, J., February 29, 1924:

This case arises under the Workmen's Compensation Act. The claimants are the widow and child of an employee of the Lytle Coal Company, who died August 20, 1917, as the result of an accident occurring in the course of his employment. The decedent was a native of Austria-Hungary. The claimants reside in that empire

and were never in the United States. The defense to the claim is that it is barred by the limitation in the Compensation Act. It is conceded that this limitation was suspended during the war between this country and Austria-Hungary by implication arising from the unexpected occurrence of that conflict, but it is contended that Czecho-Slovakia of which part of the empire the claimants were residents became an independent state and was recognized as such by the United States in September, 1918, as a consequence of which the suspension of the limitation ceased, and the claimants became bound to present their claim within a year from that date, including the four months which had elapsed before the declaration of war between the United States and the empire. The sole question is therefore whether by such recognition the political status of Czecho-Slovakia was changed so that the law as stated in Siplyak v. Davis, Director, etc., 276 Pa. 49, relating to the implied suspension of the limitation provision of the Compensation Act does not apply. It is agreed that the war between the United States and Austria-Hungary terminated by a treaty of peace ratified as to Austria on November 8, 1921, and as to Hungary on December 17, 1921. The argument is that Lochov, the province in which the claimants lived, became a part of Czecho-Slovakia, and that as the United States was not at war with that country, the statute of limitations commenced to run in 1918 when the government was recognized by the United States. The conclusiveness of the action of the Executive Department of the United States in recognizing the Czecho-Slovakia government cannot be doubted and the courts are bound by such action. The autonomy of the empire was not broken however until by secession successfully maintained or by treaty the existence of a fragment of the emperial domain had been established as a part of an independent state. A rebellion was in progress against the parent government and armies were in the field asserting by force the independence of that

part of the empire which they occupied and controlled, but the extent of the territory over which the new republic was subsequently to exercise sovereignty had not then been effectively determined. This was not done until 1921 by a ratification of treaties. Prior to that time a state of war existed technically between this government and the Austria-Hungary empire. When the treaties were ratified, the rights and remedies suspended by the declaration of war were revived and from that time the statute of limitations in the Compensation Act became operative again. As the application for compensation was made in 1921, it follows that the claim is not barred by the statute. The law as stated in Siplyak v. Davis, supra; in Garvin, etc., v. Diamond Coal & Coke Co. et al., recently decided by the Supreme Court and other authorities support this conclusion. The reason presented is not sufficient to justify a reversal of the judgment. It is therefore affirmed.