**HESPE et al. v. CORNING GLASS WORKS.**

No. 1893.

District Court, W. D. New York.

Jan. 28, 1937.

See, also, 15 F.Supp. 595.

Aro G. Gabriel, of Union City, N. J. (James O. Moore, of Buffalo, N. Y., of counsel), for plaintiffs.

Sayles, Flannery, Collin & Evans, of Elmira, N. Y., for defendant.

KNIGHT, District Judge.

The plaintiff moves to amend its complaint. The action was commenced on October 1, 1934. The original complaint sets up three several alleged causes of action: (1) That the defendant breached a certain agreement entered into between Alfred T. Hespe and the defendant on October 17, 1927, in that defendant "manufactured and assisted in the manufacture of large quantities of material * * * for the use of non-licensees" and that defendant "directly and indirectly questioned the validity of * * * Hespe patents * * * and aided others in disputing their validity"; (2) that by virtue of the written agreement aforesaid the obligation was imposed upon the defendant as a matter of law to admit the validity of the Hespe patents and not to question the same; and (3) fraud in the questioning of aforesaid patents by the plaintiff.

The patents to which the agreement aforesaid relates were issued to Alfred T. Hespe on November 17, 1925. Such patents were held invalid in Hespe et al. v. Corning Glass Works, Inc., et al. (C.C.A.) 45 F.(2d) 562.

Counsel for plaintiff contends that the proposed amended complaint "is substantially identical to the original complaint but it amplifies the allegation of paragraph nine of the original complaint and separates these allegations as a separate cause of action." I do not so read the amended complaint. The first cause of action in the amended complaint sets up an entirely new cause of action based, not upon the agreement hereinbefore set forth, but upon an agreement alleged to have been made prior to such written agreement and not necessarily having any relation thereto. The basis for this cause of action is that defendant in violation of its contract made prior to the written contract of October 17, 1927, by its employees "by and through the use of secret methods * * * in violation of the trust * * * placed in defendant wrongfully and unlawfully did manufacture and sell" certain glass tubing, etc., without the permission of Alfred T. Hespe. The first cause of action of the original complaint is carried into the amended complaint, saving and excepting that the allegations set forth in the first cause of action therein are included. The same applies to the third and fourth causes of action of the amended complaint.

While the proposed amendment may relate to the same sales on account of which recovery is sought in the original complaint, it is based upon an alleged agreement other than that set forth in the original complaint.

The defendant claims that the new cause of action set up is clearly barred by the statute of limitations. It may or it may not be. It does not appear upon the face of the pleading that it is necessarily so barred. Proof of sales within the statutory period may be made, though the original agreement was entered into as early as 1925. No question is raised as to the sufficiency of the complaint in other respects, and the statute of limitations is a matter to be pleaded as defense. Defendant's position in this respect cannot be sustained.

The main objection to the amendment, as the court sees it, is the laches of the plaintiff. Mr. Hespe, the alleged party to the agreement, died March 2, 1930. This action was not commenced until September, 1934. No application to amend was made until upwards of fifteen months after the action was commenced and six years and nine months after the death of Mr. Hespe. In the meantime two of defendant's employees associated with the work done for Mr. Hespe by the defendant died. There is nothing in the moving papers to show when any of the plaintiffs first had any knowledge of the matter set forth in the amendment, nor is there any excuse for delay offered. The amended complaint is verified by one of the plaintiffs and the affidavits submitted upon the motion are to the effect that it was "understood and agreed" that certain things should not be done. If the amendment were to be treated as a mere amplification of the original complaint, I would be disposed to grant the motion to amend. Viewing it as I do as setting up a new agreement, I think it was incumbent upon the plaintiffs to show some reasons why the laches should be excused.

The motion is denied.