## SUNDELL v. LOTMAR CORPORATION et al.

## LINDBERG v. SAME.

District Court, S. D. New York.

Feb. 17, 1942.

Dow, McAllister & Symmers, of New York City (Gerard M. McAllister, of New York City, of counsel), for plaintiffs.

Bonney & O'Brien, of New York City, for defendant Lotmar Corporation.

MANDELBAUM, District Judge.

Plaintiffs, Sundell and Lindberg, are citizens of Finland, and while visiting New York, were injured through the alleged negligence of the defendants. These actions are for damages for personal injuries.

The defendants move to stay the trial on the ground that the plaintiffs are alien enemies or allies of alien enemies in accordance with provisions of the Trading With the Enemy Act, 50 U.S.C.A. Appendix § 7 (b).

Plaintiffs, through their counsel, resist this motion, claiming: (1), Finland is at peace with the United States and is not clearly an ally of any of our enemies within the meaning of the Act; (2), Plaintiff, Lindberg, is a resident of Sweden which is a neutral country; and (3), The Act applies to commercial transactions and not tort actions such as the one at bar.

■ A nonresident enemy alien or an ally of an enemy alien cannot prosecute an action at law or in equity in any court within the United States. Trading With the Enemy Act, 50 U.S.C.A., Appendix § 7(b). Ex parte Colonna, January 5, 1942, 314 U. S. 510, 62 S.Ct. 373, 86 L.Ed. ——.

■ I am persuaded that Finland is an ally of an enemy (Germany). Even though the United States is formally at peace with Finland, she nevertheless is actively in concert with Germany in their war against Russia, our ally.

■ On behalf of plaintiff, Lindberg, it is urged that he is a resident of Sweden, a neutral country and should be permitted to continue the action since the test to be ap-

plied under the statute is residence and not citizenship. Further, that the statute affects commercial transactions and not tort actions. As to the latter contention, I am of the opinion that as to nonresident enemy aliens or nonresident allies of enemies, the Act appears to apply to both commercial and tort actions.

The claim that Lindberg is a permanent resident of Sweden is unsupported by any competent proof. The complaint alleges that both plaintiffs are citizens of Finland. With no proof to the contrary, the court must assume that they reside there.

Since both plaintiffs are nonresident allies of an enemy of this country, the prosecution of this action is stayed, until further order of the court.

Settle order on two days' notice.