## UBERTI v. MAIATICO.

### No. 5126.

District Court of the United States for the District of Columbia.

March 11, 1942.

James M. Earnest and W. Gwynn Gardiner, Jr., both of Washington, D. C., for plaintiff.

Harold Brody, of Washington, D. C., for defendant.

PROCTOR, Justice.

At the pre-trial of this case the question arose as to whether, in view of the admitted Italian citizenship of plaintiff, prosecution of his suit should not be suspended during the war.

Although a citizen of an enemy nation, plaintiff has resided in the District of Columbia for many years, and filed application for American citizenship.

Under general law only *non-resident* alien enemies are barred from prosecution of suits. The courts remain open to citizens of an enemy nation residing peaceably within this country under its laws. Otteridge v. Thompson, 1814, Fed.Cas.No.10,618, 2 D.C. 108; Arndt-Ober v. Metropolitan Opera Company, 182 App.Div. 513, 169 N.Y.S. 944; Hughes v. Techt, 188 App.Div. 743, 177 N.Y.S. 420, affirmed 229 N.Y. 222, 128 N.E. 185, 11 A.L.R. 166, certiorari denied 254 U.S. 643, 41 S.Ct. 14, 65 L.Ed. 454. The Trading with the Enemy Act of 1917, 50 U.S.C.A. Appendix, § 1 et seq., has the effect of confirming this general rule. Section 7(b) in terms only prohibits prosecution of suits by "enemy" aliens. Broadly speaking, Sections 2(a) and 2(b) of the Act define an "enemy" as a person of any nationality *resident* within the territory of any nation with which the United States is at war. Under subdivision (c) the President is authorized to proclaim as an "enemy" citizens of an enemy nation, although resident in the United States, if the safety or successful prosecution of the war so requires. No such proclamation has been issued. Therefore no bar prevails against a citizen of an enemy nation *residing in the United States,* from suing in its courts.

Accordingly, the court will not suspend this action, and plaintiff may proceed with its prosecution.