## ANASTASIO v. ANASTASIO.

### No. 12090.

District Court of the United States for the District of Columbia.

March 12, 1942.

Nathan M. Brown and R. R. Sachs, both of Washington, D. C., for plaintiff.

Harold J. Mincosky, of Washington, D. C., for defendant.

PROCTOR, Justice.

This case coming on for trial before Justice Luhring, he ordered proceedings suspended pending the war because of the Italian citizenship of the plaintiff. Reconsideration is sought by plaintiff upon an extensive brief filed in his behalf. Justice Luhring has had no opportunity to consider the brief, due to illness. He may be absent for an extended period, wherefore the court has assigned the matter to me for disposition. No brief is filed in opposition by the defendant.

The undisputed facts indicated by the complaint are that plaintiff, although a subject of Italy, has been residing in the District of Columbia for many years, was married here in 1930, and lived here since, with two children born of the marriage.

▮▮▮ Under the general law only *non-resident* alien enemies are barred from prosecution of suits. The courts remain open to citizens of an enemy nation *resid-*

726

*ing* peaceably within this country under its laws. Otteridge v. Thompson, Fed.Cas. No. 10,618; Arndt-Ober v. Metropolitan Opera Co., 182 App.Div. 513, 169 N.Y.S. 944; Hughes v. Techt, 188 App.Div. 743, 177 N.Y.S. 420, affirmed 229 N.Y. 222, 128 N.E. 185, 11 A.L.R. 166, certiorari denied 254 U.S. 643, 41 S.Ct. 14, 65 L.Ed. 454; Brown v. J. P. Morgan & Co., 177 Misc. 763, 31 N.Y.S.2d 815, The Trading with the Enemy Act of 1917, 50 U.S.C.A.Appendix, § 1 et seq., has the effect of confirming this general rule. Section 7(b) in terms only prohibits prosecution of suits by "enemy" aliens. Broadly speaking, Sections 2(a) and 2(b) of the Act define an "enemy" as a person of any nationality *resident* within the territory of any nation with which The United States is at war. Under subdivision (c) the President is authorized to proclaim as an "enemy" citizens of an enemy nation, although resident in the United States, if the safety or successful prosecution of the war so requires. No such proclamation has been issued. Therefore no bar prevails against a citizen of an enemy nation *residing in the United States,* from suing in its courts. This decision follows one by me, in Uberti v. Maiatico, D.C., 44 F.Supp. 724, where facts are substantially similar.

Accordingly, the suspension will be vacated, and plaintiff may proceed with prosecution of the case.