## CARLISLE v. KELLY PILE & FOUNDATION CORPORATION.

### Civ. No. 6380.

District Court, E. D. Pennsylvania.

June 26, 1947.

William M. Alper, of Philadelphia, Pa., for plaintiff.

Stephen J. McEwen, of Philadelphia, Pa. (Richard A. Smith, of Philadelphia, Pa., on the brief), for defendant.

BARD, District Judge.

This case is before the Court on defendant's motion to dismiss the complaint.

The plaintiff, master of the motor tug "Cyrene", instituted the present action to recover damages for injuries which he allegedly sustained as a result of falling into an uncovered hatch on a barge owned and operated by the defendant. The plaintiff is a citizen and resident of the State of New Jersey. The defendant is a corporation organized and existing under the laws of the State of New York. The alleged injury to the plaintiff occurred while the barge was moored to a pier at Lewes, Delaware.

I will consider separately the three reasons which the defendant has assigned in support of its motion to dismiss the complaint.

The first reason advanced by the defendant is that the plaintiff's claim is barred by the applicable statute of limitations, which it contends is the statute of limitations of the State of Delaware, where the accident occurred. Under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the

defense of statute of limitations may not be raised by motion, but must be affirmatively pleaded. Kraushaar v. Leschin, D. C.E.D.Pa., 4 F.R.D. 143; Massachusetts Bonding & Ins. Co. v. Darby, D.C.W.D. Mo., 59 F.Supp. 175. Therefore, I cannot consider the validity of this defense on the present motion.

The second reason which the defendant advances in support of its motion to dismiss the complaint is that venue of this action is improperly laid in this district. The defendant points to the fact that jurisdiction of the instant case is based upon diversity of citizenship, and relies upon Section 51 of the Judicial Code, 28 U.S.C. A. § 112, which provides that "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Although the defendant in the instant case is a New York corporation, it was granted a Certificate of Authority to transact business in the Commonwealth of Pennsylvania on May 21, 1941, pursuant to the Business Corporation Law of May 5, 1933, P.L. 364, 15 P.S. § 2852–1001 et seq. In order to obtain this certificate the defendant was required to designate the Secretary of the Commonwealth and his successor in office as its true and lawful attorney for receiving service of process. 15 P.S. § 2852–1004(6).

Neirbo Co. v. Bethlehem Shipbuilding Corp. Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, decided that Section 51 of the Judicial Code, supra, merely accords to the defendant a personal privilege of objecting to the venue of suits brought against him in districts wherein, under this section, he may not be compelled to answer, and that a designation by a foreign corporation, in conformity with a valid statute of a state and as a condition of doing business within it, of an agent upon whom service of process may be made, constitutes an effective consent to be sued in the federal courts of that state. I think

that the decision of the Supreme Court in the Neirbo case is therefore dispositive of the defendant's contention relative to venue. See also Ward v. Studebaker Sales Corporation of America, 3 Cir., 113 F.2d 567; Robinson v. Coos Bay Pulp Corporation, 3 Cir., 147 F.2d 512; Monroe Calculating Mach. Co. v. Marchant Calculating Mach. Co., D.C.E.D.Pa., 48 F.Supp. 84.

The third and last argument advanced by the defendant is directed to the fact that the plaintiff instituted the present action without prepayment of costs, pursuant to the Act of Congress, 40 Stat. 683, 28 U.S.C.A. § 837, which provides: "Courts of the United States, including appellate courts, hereafter shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering or prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safety."

The defendant does not complain because the plaintiff has not prepaid costs of this action, but he does argue that "the plaintiff nowhere states in the bill of complaint he is a seaman within the meaning of the Jones Act [46 U.S.C.A. § 688] * * * and since there is no allegation of this relationship in the bill of complaint, the defendant takes the position none exists, and, if this is correct, then the plaintiff is one of the general public and not entitled to any benefits of the Acts of Congress passed for the benefit of seamen." Therefore, says the defendant, this Court has no jurisdiction to decide the present action.

I do not think that this contention can be sustained. The act cited is not the Jones Act and the section cited has nothing to do with the jurisdiction of this Court. Furthermore, the plaintiff does not purport to bring this action under the Jones Act; his position is that his action is based upon the general maritime law.

Defendant's motion to dismiss the complaint is denied.