## WEBER v. UNITED STATES.
### Civil Action No. 3647.

District Court, W. D. New York.
March 30, 1948.

Merwin, Lesswing, Rothfus & Burman, of Buffalo, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Austin J. Donovan, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

Plaintiff, as guardian ad litem, sues the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 931 et seq., to recover $1995 for personal injuries of her infant daughter alleged to have been caused October 24, 1945, in Buffalo, N. Y., when she was hit by defendant's truck negligently driven by defendant's military police sergeant.

Defendant has moved to dismiss the complaint on the ground that it appears on its face that the action is barred by the statute of limitations. In support of this motion the government urges that said Act "provides that every claim against the United States shall be forever barred unless asserted within one year from the date of origin or from the date of enactment of the Act, whichever is later. The Act was enacted and became law on August 2, 1946, and the complaint herein was served on November 14, 1947." The pertinent statute of limitations is found in 28 U.S.C.A. § 942.

The complaint on its face does not disclose when it was actually served. It purports to have been verified November 8, 1947. The verification was unnecessary. Federal Rules of Civil Procedure Rule 11, 28 U.S.C.A. following section 723c, provides: "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit."

Rule 8(c) provides: "In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations." Sec. 242 of the N. Y. Civil Practice Act provides: "The defendant or plaintiff as the case may be, shall raise by his pleading all matters which show the action or counterclaim not to be maintainable * * or would raise issues of fact not arising out of the preceding pleadings, as, for instance, * * * statute of limitations." Rule 107, subd. 6, of the N. Y. Rules of Civil Practice permits a motion to dismiss the complaint on the ground of the statute of limitations where the defect does not appear on the face of the complaint. This is not permitted by the Federal Rules. Rule 12(b) of the latter provides: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted." This rule as amended adds "(7) failure to join an indispensable party." There is no mention of the defense of the

statute of limitations. The Federal Statute prevails over the state rule. State of Maryland v. United States, 4 Cir., 165 F.2d 869.

"The defense of the statute of limitations must be set up in the answer, according to Rule 8(c)." Curtis v. George J. Meyer Malt & Grain Corp. (this court), D. C., 6 F.R.D. 444, 449. Vide also; Hespe et al. v. Corning Glass Works, D.C., 17 F. Supp. 911 (this court) ; and Baker v. Sisk, D.C., 1 F.R.D. 232.

The motion to dismiss the complaint must be denied.