**FRABUTT v. NEW YORK, CHICAGO & ST. LOUIS R. CO.**

**Civ. A. No. 114.**

United States District Court
W. D. Pennsylvania.

May 25, 1949.

Edward E. Petrillo, Erie, Pa., for plaintiff.

Frank B. Quinn, of English, Quinn, Leemhuis & Plate, Erie, Pa., for defendant.

GOURLEY, District Judge.

This is a proceeding under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for the death of Berardino Campagna who was an employee of The New York, Chicago & St. Louis Railroad Company, a corporation, the defendant.

Berardino Campagna met his death on the 31st day of December, 1942. His wife and four children were non-resident aliens, residing in the Kingdom of Italy.

Pasquale Frabotto was appointed Administrator of said estate on January 4, 1943, and on February 11, 1946 Ernest Frabutt was appointed Administrator d. b. n.,

or substitute representative of said estate. Ernest Frabutt, Administrator d. b. n. of the Estate of Berardino Campagna, deceased, brought this action in behalf of the widow and four children, as well as in behalf of the estate, on July 12, 1948.

This matter comes before the Court on motion of defendant for summary judgment filed under the provisions of Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in which it is alleged:

"1. That the Complaint fails to state a claim against defendant upon which relief can be granted.

"2. There is no allegation in the pleadings that this action was commenced within three years from the date the cause of action accrued."

The defendant contends:

1. That since the cause of action arose on December 31, 1942, and suit was not filed until July 12, 1948, the proceeding is barred by the three year statute of limitations in the Federal Employers' Liability Act. 45 U.S.C.A. § 56.

(a) That because a state of war existed between the United States of America and the Kingdom of Italy for the period from December 11, 1941 until September 6, 1947 has no materiality in the consideration of the question which exists.

(b) That the non-resident aliens could have instituted an action during the war between the two countries but if in the interest of the security of this democracy it was believed that the action should be suspended, such action would have been proper.

The plaintiff contends:

1. That under the provisions of Section 2(b) of the Trading with the Enemy Act, 40 Stat. 411, 50 U.S.C.A.Appendix, § 2(b), an enemy is defined to include the government of any nation with which the United States is at war.

2. That under the provisions of Section 7(b) of the Trading with the Enemy Act, it is provided, inter alia, "Nothing in this Act shall be deemed to authorize the prosecution of any suit or action at law or in equity in any court within the United States

by an enemy or ally of an enemy prior to the end of the war, * * *."

3. That under the provisions of the Trading with the Enemy Act a non-resident enemy alien may not institute a cause of action in any court of the United States during the period that this country is at war with any other nation.

4. That the administrator who brings the action on behalf of the widow and children of the deceased is only a nominal party plaintiff; he acts solely in a fiduciary capacity in behalf of the dependents of the deceased and, as a result thereof, the administrator could not have instituted an action during the period from December 11, 1941 until September 6, 1947.

5. That since the deceased met his death on December 31, 1942, while this country was at war with the Kingdom of Italy, the statute of limitations of three years could not commence to run until subsequent to September 6, 1947 and, as a result thereof, since the cause of action was filed on July 12, 1948, it was within the period of three years provided by the Federal Employers' Liability Act.

### Correctness of Procedure

Prior to the filing of motion for summary judgment, the defendant filed its answer in which it was set forth, inter alia, "This action cannot be maintained for the reason that it was not commenced within three years from the date the cause of action accrued."

The right of the Court to pass upon the question has generally been presented on a motion to dismiss rather than a motion for summary judgment, and in the majority the law seems to be that under the provisions of Rules 8(c) and 12(b) the defense of the statutes of limitations can be raised by a motion to dismiss. Latta et al. v. Western Inv. Co. et al., 9 Cir., 173 F.2d 99; Berry et al. v. Chrysler Corp., 6 Cir., 150 F.2d 1002; Drabkin v. Gibbs & Hill, D.C., 74 F.Supp. 758; Continental Colliers v. Shober, 3 Cir., 130 F.2d 631; Di Sabatino et al. v. Mertz, D.C., 82 F.Supp. 248; Hartford-Empire Co. v. Glenshaw Glass Co., D.C., 47 F.Supp. 711, 714; A. G. Reeves Steel Const. Co. v. Weiss, 6 Cir., 119 F.2d 472, 476; Pearson v. O'Connor, D. C., 2 F.R.D. 521; Gossard v. Gossard, 10 Cir., 149 F.2d 111; Cramer v. Aluminum Cooking Utensil Co., D.C., 1 F.R.D. 741; Barnhart v. Western Maryland Ry. Co., D.C., 41 F.Supp. 898, 904. The following cases hold to the contrary: Carlisle v. Kelly Pile & Foundation Corp., D.C., 72 F.Supp. 326; Weber v. United States, D.C., 8 F.R.D. 161; Massachusetts Bond & Ins. Co. v. Darby, D.C., 59 F.Supp. 175; Lockwood v. Hercules Powder Co., D.C., 7 F.R.D. 24.

The only difference between a motion to dismiss filed under the provisions of Rule 12(b) and a motion for summary judgment filed by a defendant under the provisions of Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. is, that a motion to dismiss may be filed prior to the time that a responsive pleading is required while a motion for judgment on the pleading may be filed at any time after the pleadings have been closed.

■ The Federal Rules of Civil Procedure are modeled on the principle of simplicity with the main objective to save time. I believe, therefore, the question of the statute of limitations, barring a right to recover, can be adjudicated on a motion for summary judgment where the statute has been plead as an affirmative defense in the answer.

### Discussion of Question

■ It is provided by the Federal Employers' Liability Act, 45 U.S.C.A. § 59, that any rights of action given by the Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow and husband and children of such employee, but in such cases there shall be only one recovery for the same injury. Where an employee dies, the action must be prosecuted by the personal representative of the deceased and not the beneficiary. Jenkins et al. v. Pullman Co., 9 Cir., 96 F.2d 405, affirmed 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Lindgren v. United States, 281 U.S. 38, 41, 50 S.Ct. 207, 74 L.Ed. 686; Friedman v. McHugh, 1 Cir., 168 F.2d 350; McGlothan v. Pennsylvania R. Co., D.C., 72 F.Supp. 176.

Any amount recovered for death under the Act does not become part of the general assets of the decedent's estate and is not

subject to decedent's debts, and is not to be distributed under any statute of descent and distribution. Friedman v. McHugh, supra.

■ The provisions of the Federal Employers' Liability Act which require an action to be commenced within three years cannot be tolled, after the manner of statutes of limitation, even for fraud or concealment by the employer preventing the employee from bringing the action within the required time. Damiano v. Pennsylvania R. Co., 3 Cir., 161 F.2d 534; Atlantic Coast Line R. Co. v. Burnette, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226; Carpenter v. Erie R. Co., 3 Cir., 132 F.2d 362.

There is no question that the Federal Employers' Liability Act created a cause of action unknown to the common law. The statute of limitations of three years in the Act is a matter of substance which limits the rights given as well as the remedy. That such a limitation, if not complied with, not only bars the remedy but destroys the liability. Damiano v. Pennsylvania R. Co., supra; Osbourne v. United States, 2 Cir., 164 F.2d 767.

Should this rule apply in cases where the real parties in interest are non-resident aliens residing in a country with whom the United States is at war when the cause of action arose?

■ It appears by a firmly established principle of international law that the existence of a state of war between two countries or powers is effective to suspend the running of statutes of limitations as between the citizens of such countries or powers at war, or, as it has been otherwise stated, war suspends the statute of limitations against alien enemies resident in enemy territory. On the restoration of peace all rights suspended during hostilities, or which remain dormant, are revived, and the statute of limitations again becomes operative. The rule suspending the running of limitations during war is one of international law which the courts attach to, or read into, statutes of limitations, though it is not expressed in them; and it is applicable irrespective of whether the limitation in the particular statute of limitations is considered to be a limitation of the right or liability, or of the remedy. 137 A.L.R.

page 1454 et seq., and 148 A.L.R. page 1423 et seq.; Ex parte Colonna, 314 U.S. 510, 62 S.Ct. 373, 86 L.Ed. 379; Speidel v. N. Barstow Co., D.C., 243 F. 621.

■ The reason for this modern rule lies in the fact that during the war the courts of either belligerent country are necessarily closed to the citizens of the other, since the law of nations forbids any intercourse between citizens of belligerent powers. Accordingly taking into consideration that statutes of limitations, in fixing a definite period for the bringing of suits, proceed upon the principle that the courts where the person to be prosecuted resides, or the property to be reached is situated, are open during the prescribed period to the suitor, and in view of the fact that the law of nations which closed the courts to alien enemies renders compliance with the statute impossible, it is only fair and just that the operation of statutes of limitations should be suspended; an alien enemy's right to sue being suspended by circumstances beyond his control, which, in fact, create a positive duty on his part to refrain from pursuing his right of action. 137 A.L.R. page 1454 et seq.; The Kaiser Wilhelm II, 3 Cir., 246 F. 786, L.R.A.1918 C. 795.

■ When the United States is involved in a state of war with any other nation, the conflict does not cease and terminate until such time as the treaty of peace has been ratified by the Senate of the United States and the appropriate governmental agency of the nation with which this country was at war. Hijo v. United States, 194 U.S. 315, 24 S.Ct. 727, 48 L.Ed. 994; Kahn v. Anderson, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469; Givens v. Zerbst, 255 U.S. 11, 41 S.Ct. 227, 65 L.Ed. 475; Hamilton v. Kentucky Distilleries & Warehouse Co., 251 U.S. 148, 165, 40 S.Ct. 106, 64 L.Ed. 194; First National Bank of Pittsburgh v. Anglo-Oesterreichische Bank, 3 Cir., 37 F.2d 564.

■ Under Trading With the Enemy Act a non-resident enemy alien may not sue in the federal courts during the period that the United States is at war with its foreign country until such time as peace is declared and approved by congression-

al action of the Senate of the United States and by the appropriate representative authority of the foreign country. The Leontios Teryazos (Szanti v. Teryazos), D.C., 45 F.Supp. 618; Uberti v. Maiatico, D.C., 44 F.Supp. 724; Anastasio v. Anastasio, D.C., 44 F.Supp. 725; Sundell v. Lotmar Corp. et al., D.C., 44 F.Supp. 816.

■ War can only end by treaty of peace between the belligerent countries, and while war continues the courts of each belligerent are closed to nationals of the other country. Statute of limitations will not be permitted to run against an alien enemy. First National Bank of Pittsburgh v. Anglo-Oesterreichische Bank, supra; Siplyak v. Davis, 276 Pa. 49, 119 A. 745; Zeliznik v. Lytle Coal Co., 82 Pa.Super. 489; Borovitz v. American Hard Rubber Co., D.C., 287 F. 368.

■ The rule of law presented by the defendant that the cause of action in the instant case is generally barred by the statute of limitations has application only to alien residents residing in the United States during war or hostilities with a foreign power. In those cases where the complaining party is an alien enemy residing in the United States, the action can be filed during war between the United States and the country of his alienage, but such proceedings may be stayed for the duration of the war unless Congress or by presidential proclamation authority is granted to proceed with the trial of the action. Petition of Bernheimer et al., 3 Cir., 135 F.2d 396.

The action is furthermore suspended only so far as is necessary to prevent the use of our courts to accomplish a purpose which might hamper the war effort or give aid to the enemy. Ex parte Kumezo Kawato, 317 U.S. 69, 63 S.Ct. 115, 87 L.Ed. 58.

Berardino Campagna on December 31, 1942 was an American citizen but his wife and four children were residents of the Republic of Italy. They were non-resident aliens since the rights of citizenship were not secured by them on the basis of the naturalization of Berardino Campagna on September 21, 1939.

War was declared between the United States and Italy on December 11, 1941, Public Law 332, 77th Congress, 55 Stat. 797, 50 U.S.C.A.Appendix note preceding section 1, and on June 14, 1947 a treaty of peace between the two nations was ratified by the United States Senate. However, peace was not officially declared between the two nations until said treaty of peace was ratified by the newly constituted senate of the Republic of Italy, which occurred on September 6, 1947. The provisions of the treaty of peace with Italy on September 6, 1947 were as set forth in the footnote.[1] The President of the United States proclaimed that the state of war between United States of America and Italy terminated on September 15, 1947.

As far back as the Civil War it has been held that the time during which the courts in the rebellious states of the South were closed to citizens of the loyal states in the North is, in suit brought by them since, to

[1] "Whereas, Italy under the Fascist regime became a party to the Tripartite Pact with Germany and Japan, undertook a war of aggression and thereby provoked a state of war with all the Allied and Associated Powers and with other United Nations, and bears her share of responsibility for the war; and

"Whereas, in consequence of the victories of the Allied forces, and with the assistance of the democratic elements of the Italian people, the Fascist regime in Italy was overthrown on July 25, 1943, and Italy, having surrendered unconditionally, signed terms of Armistice on September 3 and 29 of the same year; and

"Whereas, after the said Armistice Italian armed forces, both of the Government and of the Resistance Movement,

took an active part in the war against Germany, and Italy declared war on Germany as from October 13, 1943, and thereby became a cobelligerent against Germany; and

"Whereas, the Allied and Associated Powers and Italy are desirous of concluding a treaty of peace which, in conformity with the principles of justice, will settle questions still outstanding as a result of the events hereinbefore recited and will form the basis of a friendly relations between them, thereby enabling the Allied and Associated Powers to support Italy's application to become a member of the United Nations and also to adhere to any convention concluded under the auspices of the United Nations." U. S.Code Congressional Service, p. 2321.

be excluded from the computation of the time fixed by statutes of limitations within which suits may be brought; though exception for such cause be not provided for in the statutes. Hanger v. Abbott, 6 Wall. 532, 73 U.S. 532, 18 L.Ed. 939.

The suspension of the remedy during war is so absolute that the courts could not have granted permission or authority to take testimony in the Republic of Italy which would have been an absolute necessity in order for the widow and her children to prosecute their right to recover. It, therefore, appears to me that when the reason for the suspension ceases, the right to prosecute revives and the fact that the right had been suspended in the war between United States and Italy should not constitute a disability or deprive the widow and children to recover if such right exists. To hold otherwise, the principles of the Constitution of the United States would be destroyed. It would be basically unsound and work a disallowance of the equal protection of the laws of this country to all persons, regardless of their previous condition of servitude or alienage.

All statutes of limitations are based on the assumption that one with a good cause of action will not delay bringing it for an unreasonable period of time; but, when a plaintiff has been denied access to the courts, the basis of the assumption becomes destroyed.

 The fact that the widow and children were nonresident aliens does not deprive them of their right to maintain the action through an administrator since alienage is not a condition which affects the right to recover under the Federal Employers' Liability Act. McGovern, Administratrix, v. Philadelphia & Reading Ry. Co., 235 U.S. 389, 35 S.Ct. 127, 59 L.Ed. 283.

 The widow and children were duty-bound to institute the action through an administrator of said estate. However, the administrator has no real substantial interest in the controversy except in his fiduciary capacity. The controversy is, in reality, between the defendant railroad and non-resident aliens of the Kingdom of Italy, and since the non-resident aliens could not have filed an action during the war between

the United States and Italy, the administrator could not have legally filed said action. Cothern v. Evans et al., 8 Cir., 172 F.2d 533.

By reason of the fact that Italy on July 3, 1943 surrendered unconditionally to the United States of America and on September 29 of the same year signed Terms of Armistice, it became possible to resume correspondence by mail with the United States. It appears that the widow and children of the deceased had no knowledge of the death of their husband and father until sometime in 1944. When this information was secured, the widow requested that some action be taken in behalf of herself and her children relative to said death.

 Under the law of Pennsylvania a husband has a duty of supporting his wife and children who have passed the age of majority, if said children are physically or mentally incapacitated. Since an action under the Federal Employers' Liability Act for a wrongful death is based on pecuniary loss, it will be necessary for the widow and children to establish, by the measure of proof required by law, the reasonable expectation of pecuniary assistance or support of which the beneficiaries have been deprived. Hoffman v. Reading Co., D.C., 12 F.Supp. 1010.

Recovery of damages is not limited to a widow and child within the age of minority under the Act if the adult child suffered pecuniary loss. Haidacker v. Central R. Co. of New Jersey, D.C., 52 F.Supp. 713.

 Since this action was filed on July 12, 1948 and peace was not officially declared between the United States of America and the Republic of Italy until September 15, 1947, the statute of limitations does not bar the right of the widow and children to recover. The motion of defendant for entry of summary judgment is therefore refused as to that part of the complaint in which the Administrator d. b. n. of the estate of said employee demands a right to recover on behalf of the widow and four children.

Under the provisions of Rule 56(b) of the Federal Rules of Civil Procedure, although judgment is not entered on the motion in favor of the defendant upon the

whole case, it is proper for the court to favorably consider the motion for summary judgment of that part of the complaint in which it appears from the pleadings that the plaintiff is not entitled to recover from the defendant.

In the complaint it is set forth that the estate of the decedent incurred considerable expenditures for the burial of said decedent, and that the action was brought on behalf of the estate of the decedent.

Under the Act it is provided that every carrier shall be liable for damages to any employee suffering injury, or in the case of death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents, and, if none, than of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier. 45 U.S.C.A. § 51.

If the injury to the employee results in death, his personal representative, while not given any right of action in behalf of the estate, is vested, solely as trustee for the designated survivors, with the right to recover for their benefit such damages as will compensate them for any pecuniary loss which they sustained by the death. Lindgren v. United States, 281 U.S. 38, 41, 50 S.Ct. 207, 74 L.Ed. 686; Friedman v. McHugh, supra; Poff v. Pennsylvania R. R., 2 Cir., 150 F.2d 902.

The estate in the instant action cannot recover against the defendant, and the motion of defendant for summary judgment as to the action of the administrator d. b. n. in behalf of the estate of Berardino Campagna is therefore granted.

The plaintiff further claims that the estate of the decedent and/or the widow and children have been damaged to the extent of $923.00, which was the amount expended for the burial of the deceased. There is only one element of damage which can be recovered under the Federal Employers' Liability Act, and that is the pecuniary loss sustained by the widow and children, and therefore funeral expense is not a proper element of damage which can be recovered

under said act by either the estate or the administrator on behalf of the widow and children. Hoffman v. Reading Co., supra; Dow v. Carnegie Illinois Steel Corp., 3 Cir., 165 F.2d 777; Heffner v. Pennsylvania R. Co., 2 Cir., 81 F.2d 28.

In connection with the funeral expense, it would have been possible for the Administrator and/or the widow and children to have instituted an action in the courts of Pennsylvania under the Pennsylvania Wrongful Death Statute. 12 P.S.Pa. § 1601 et seq.; Hoffman v. Reading Co., supra.

The motion for summary judgment as to that part of the complaint which is based on funeral expenses will, therefore, be granted in favor of the defendant.

That part of the motion that refers to the action of the Administrator in his trust or fiduciary relationship in behalf of the widow and children of the deceased is refused.