**Lloyd C. BACON, Plaintiff,**

v.

**METRO NORTH COMMUTER RAILROAD CORPORATION, as successor to Consolidated Rail Corporation a/k/a Conrail Corporation, Defendant.**

**No. 83 Civ. 5197 (WCC).**

United States District Court, S.D. New York.

July 11, 1984.

Tomkiel & Tomkiel, P.C., White Plains, N.Y., for plaintiff; Stanley A. Tomkiel, III, White Plains, N.Y., of counsel.

Walker & Bailey, New York City, for defendant; Lawrence R. Bailey, Jr., New York City, of counsel.

CONNER, District Judge.

Plaintiff Lloyd Bacon ("Bacon") commenced this action against his employer Consolidated Rail Corporation ("Conrail") and its successor Metro North Commuter Railroad Corporation ("Metro North")[1], seeking to recover damages for the railroad's negligence under the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. Metro North moved for summary judgment under Rule 56, F.R.Civ.P., on the grounds that the plaintiff's complaint violates the applicable statute of limitations and the doctrine of laches.[2] For the reasons set forth below, the motion must be denied.

BACKGROUND

Plaintiff's complaint alleges that during August and October of 1977, while em-

---

1. Plaintiff originally brought two actions, one against Conrail and the other against its successor Metro North. These actions have now been consolidated.

2. Statutes of limitations set an absolute time limit for the commencement of an action, whereas the equitable doctrine of laches acts "as

a time bar only when a Plaintiff's delay has had a prejudicial effect upon his opponent's defense." *Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F.Supp. 636, 640 (S.D.N.Y.1972). In this case, where plaintiff seeks equitable tolling of the limitation period, there is a significant overlap between the two defenses and the Court

ployed by Conrail, he was assaulted, attacked, molested and harassed by his co-employees. He asserts that as a result of these incidents, he suffered severe psychiatric problems that rendered him mentally incompetent. Plaintiff was hospitalized for these problems on three occasions—from November 10, 1976 to January 6, 1977, from June 26 to September 8, 1978 and from January 20 to February 9, 1981. In addition, Bacon was treated at an out-patient clinic from 1978 until the time this action was commenced. (Plaintiff's Affidavit in Opp., p. 3).

Plaintiff alleges that Conrail was negligent in failing properly to supervise and discipline his co-employees, failing properly to ascertain their violent propensities and dispositions, and failing to provide the plaintiff with a safe place to work. Under FELA, which provides railroad employees with a federal cause of action for injuries caused by the railroad's negligence, a plaintiff must commence an action "within three years from the day the cause of action accrued." 45 U.S.C. § 56. As noted above, the incidents plaintiff complained of occurred in August and October of 1977. He did not file the instant action, however, until July 13, 1983. Metro North therefore argues that the suit is untimely. Plaintiff argues in response that the statute of limitations should be tolled because his incompetence prevented him from commencing the action within the three-year period.

DISCUSSION

Summary judgment is appropriate only where the Court is satisfied that there exists no genuine issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, F.R.Civ.P.; *Friedman v. Meyers*, 482 F.2d 435, 438–39 (2d Cir.1973). In other words, the Court cannot resolve factual issues, but can merely determine whether there are any factual issues to be tried. *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir.1978). Applying this standard to the record before me, I conclude that Metro North is not entitled to judgment as a matter of law.

The Supreme Court held in *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965) that "the FELA limitation period is not totally inflexible, but, [rather], under appropriate circumstances, it may be extended beyond three years." The Court stated that although statutes of limitations are primarily designed to assure fairness to defendants and to relieve the courts of the burden of trying stale claims, the policy of repose embodied in the concept of a limitation period is "frequently outweighed ... where the interests of justice require vindication of the plaintiff's rights." *Id.* at 428, 85 S.Ct. at 1055. The *Burnett* Court cited with approval several cases in which federal courts held that the FELA limitation period was tolled when war had prevented the plaintiffs from bringing suit. *See Osbourne v. United States*, 164 F.2d 767 (2d Cir.1947); *Frabutt v. New York, C. & St. L.R. Co.*, 84 F.Supp. 460 (W.D.Pa.1949). The actions in *Osbourne* and *Frabutt* were not barred even though they were filed more than five and a half years after the causes of action accrued, because "the plaintiff[s] [had] not slept on [their] rights, but, rather, [had] been prevented from asserting them." *Burnett*, 380 U.S. at 429, 85 S.Ct. at 1055. The Court recognized that the defendants had no notice of the plaintiffs' claims in those cases, but concluded that under the circumstances, the interest in repose was not dispositive.

The policies in favor of tolling the FELA statute of limitations in cases of total mental incapacity are identical to the policies considered in the cases cited above. A plaintiff suffering from severe mental disability may not have slept on his rights, but instead, may have been prevented from asserting them. *See Brooks v. Southern Pacific Co.*, 105 Ariz. 442, 466 P.2d 736 (1970). (FELA statute of limitations may be tolled by reason of a plaintiff's incompetence).

In the present case, it is undisputed that Bacon did not commence his suit until near-

views resolution of the statute of limitations

issue as dispositive of the laches defense.

ly six years after the cause of action accrued. However, if he was totally incapacitated and, as a result, he could not bring his action within the three-year limitation period, his suit will not be barred. Plaintiff has submitted documentary exhibits supporting his claim of total disability, but the matter clearly presents material issues of fact and consequently, summary judgment is inappropriate. Accordingly, this matter is referred to Magistrate Harold J. Raby for a determination of whether Bacon's mental condition prevented him from commencing his action within the FELA limitation period. The case will be placed on the Court's Suspense docket pending the outcome of this determination. The parties are instructed to contact Magistrate Raby's chambers at 791–0155 within one week of the date of this Opinion and Order to schedule an evidentiary hearing.

SO ORDERED.