# GIBSON *v.* RUFF.

### STATUTE OF LIMITATIONS.

1. When a right of action has accrued and there are parties competent to sue and be sued and the period of limitations once begins to run, the time continues to run, notwithstanding any subsequent disability.
2. And it is no answer to a plea of the statute of limitations in a suit against an executor for a debt due from his decedent, where the statute began to run in decedent's lifetime, to say that a contest over the will prevented action being brought during seventeen months of the statutory period of three years, especially where nine months supervened after the contest ended during which suit could have been but was not brought.

No. 529. Submitted March 3, 1896. Decided March 24, 1896.

HEARING on an appeal by the plaintiff from a judgment on demurrer to a replication to a plea of the statute of limitations. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Andrew B. Duvall* for the appellant:

It may be conceded that this case is not in express terms excepted from the statute of limitations; but it is respectfully contended that the statute is not applicable to such a case. The law itself had prevented the institution of any suit by the appellant. The courts were effectually closed against him by the act of the law. *Lex nemini facit injuriam.* No laches could possibly be imputed to appellant. The basis of the statute of limitations is laches; but where there is no party to sue there can be no laches. *Richards* v. *Md. Ins. Co.*, 8 Cranch, 84. The remedy was suspended, and when the reason for the suspension ceased, then the right to prosecute revived.

The Supreme Court of the United States has held that

there are exceptions to the statute, other than those expressed therein. *Montgomery* v. *Hernandes*, 12 Wheat. 129 ; *Hanger* v. *Abbott*, 6 Wall. 532 ; *Braun* v. *Sauerwein*, 10 Wall. 223 ; *United States* v. *Wiley*, 11 Wall. 513. Concealed fraud is not in terms excepted by the statute of limitations, yet the duty to commence proceedings arises only upon discovery of the fraud ; and from that time only does the statute begin to run. And the rule is the same both at law and in equity. *Bailey* v. *Glover*, 21 Wall. 342 ; *Kilbourn* v. *Sunderland*, 130 U. S. 505 ; *Traer* v. *Clews*, 115 U. S. 528 ; *Rosenthal* v. *Walker*, 111 U. S. 185 ; *Moses* v. *Taylor*, 6 Mack. 281 ; *Lewis* v. *Denison*, 2 App. D. C. 391.

We are not, however, without direct authority on the question involved. *Baird* v. *Reynolds*, 99 N. C. 469 ; *Toby* v. *Alten*, 3 Kan. 395 ; *McCandless Estate*, 61 Pa. 9.

There can be no substantial distinction between the running of the statute in the case of the inability of the plaintiff to sue, and the absence of a defendant who may be sued. That the statute does not run in case of the inability of the plaintiff is well established. *Rockwell* v. *Young*, 60 Md. 566.

*Messrs. A. A. & T. W. Birney* for the appellee :

As a general rule, the statute of limitations having once begun to run, nothing will stop it. Wood on Limitations, sec. 6 and 251, pp. 7 and 494 ; *McDonald* v. *Hovey*, 110 U. S. 619; *De Arnaud* v. *United States*, 151 U. S. 483 ; *Walden* v. *Gratz*, 1 Wheat. 292 ; *Harris* v. *McGovern*, 99 U. S. 161 ; *Hogan* v. *Kurtz*, 94 U. S. 773. The bar of the statute cannot be postponed by the failure of a creditor to avail himself of any means in his power to prosecute or preserve his claim. *Amy* v. *Watertown*, 130 U. S. 320.

It has been frequently held that the death of the debtor after the statute has begun to run, and want of administration on his estate, will not interrupt the running of the statute. *Granger* v. *Granger*, 6 Ohio, 35, 42 ; *Marsteller* v. *Marsteller*, 93 Pa. St. 350 ; *Hayman* v. *Keally*, 3 Cr. (C.

GIBSON *v.* RUFF

C.) 325; *Chevallier* v. *Durst*, 6 Texas, 239; *Tyson* v. *Britton*, 6 Tex. 222; *Ellett* v. *Moore*, 6 Tex. 243; *Rhodes* v. *Smethurst*, 4 M. & W. 41.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an action of assumpsit, and the declaration contains the common money counts only. There is a bill of particulars filed with the declaration, showing for what and the particulars upon which the claim is based, and the date when the money was due and payable, namely, the 1st of January, 1892. The action was brought on the 23d of April, 1895.

The defendant, Albert B. Ruff, as executor of Milton Ford, deceased, pleaded several pleas, and among them the statute of limitations. To this latter plea the plaintiff, Luther W. Gibson, replied that Ford, the testator of the defendant, died November the 9th, 1892, leaving a will, appointing the defendant executor thereof, and personal estate; that the will was contested, but was admitted to probate on the 6th of April, 1894, and that letters testamentary were granted to the defendant, as executor of the will, on the 9th day of April, 1894; and the plaintiff avers that before the last mentioned day no administration was or could be had upon the estate of the deceased debtor, and that the plaintiff, on the 16th day of November, 1894, filed his claim in the probate court, against the estate of the deceased debtor, duly probated according to law, whereof the defendant had due notice.

To this replication the defendant demurred, and the demurrer having been sustained, there was judgment entered for the defendant, and from which the plaintiff has appealed. And the question is, whether the replication demurred to furnished a sufficient answer to the plea of the statute of limitations, to preclude the bar of that statute.

As will be observed, the original debtor died more than ten months after the 1st of January, 1892, the date at which

the claim sued for was due and payable, and within which time the original debtor could have been sued; and there was a period of about nine months from the grant of letters testamentary to the defendant, before the expiration of the three years prescribed by the statute, within which the action could have been brought against the defendant as executor. But the action was not brought until nearly four months after the lapse of the period of limitation prescribed by the statute. To obviate the difficulty, and to avoid the bar of the statute, the plaintiff now contends that the time between the death of the original debtor and the grant of the letters testamentary to the defendant upon the estate of the deceased, some seventeen months, should not be computed in the statutory period of limitations of three years, within which the action may be brought, but the plaintiff should have three years within which to bring his suit, *exclusive of the time* that the right to probate the will was in litigation, and while there was in fact no one against whom suit could have been brought. But it is clear, we think, that this contention cannot be sustained.

Section 2 of the Maryland act for the limitations of actions, of 1715, ch. 23, in force in this District, is substantially similar to section 3 of the statute of 21 James 1, ch. 16, for the limitations of actions, except that in the statute of James the period of limitation applicable to actions of assumpsit is six years, while in the Maryland act it is but three years. The provisions of the two statutes, as applicable to actions of the class to which the present belongs, being essentially the same, with the exception just mentioned, the construction of the two acts has been the same in all material respects.

In the courts of England, it has long since been the settled construction of their statutes of limitations, that when the right of action has accrued, and there are parties competent to sue and be sued, and the period of limitation once begins to run, the time continues to run, notwithstanding any subsequent disability. This was laid down as settled

doctrine in the case of *Doe* v. *Jones*, 4 D. & East, 300. In that case Lord KENYON, Ch. J., said : "I confess I never heard it doubted till the discussion of this case, whether, when any of the statutes of limitations had begun to run, a subsequent disability would stop their running. If the disability would have such an operation on the construction of one of those statutes, it would also on the others. I am very clearly of opinion, on the words of the statute of fines, on the uniform construction of all the statutes of limitations, down to the present moment, and on the generally received opinion of the profession on the subject, that this question ought not to be disturbed." In this opinion the rest of the court fully concurred.

In the case of *Rhodes* v. *Smethurst, administrator of Hobson*, 4 M. & W. 42, the identical question was presented that is presented in the case before us, except that it was there presented in a stronger aspect than it is presented here. In that case it was held, by an unanimous court, and after a very full dircussion at bar, that it was no answer to a plea of the statute of limitations (St. 21 Jas. I, ch. 16, sec. 3), that, after the cause of action had accrued, and after the statute had begun to run, the debtor, within the six years, died, and that (by reason of litigation as to the right to probate) an executor of his will was not appointed *until after the expiration of the six years*, and that the plaintiff sued such executor within a reasonable time after probate granted. In that case the litigation in regard to the probate of the will covered several years, and the plaintiff there had no time, as the plaintiff had in the present case, *after* letters testamentary granted, to enable him to bring the action within the period of the statutory limitation. In the very full and clearly reasoned opinion of the Lord Chief Baron, he said : "Now the proposition contended for is this—that, although the debt accrued against a debtor who might have been sued, and in favor of a creditor who might sue, yet, as there is a portion of the time that has elapsed, the lapse of which was caused by the litigation as to who should

be the executor of the debtor, that portion ought not to be calculated as a part of the six years.   I believe it never happens that the death of a man who has anything at all to leave is not followed by some little delay.   It frequently happens where a will is contested, that some considerable time elapses before probate is given, or, if the will is considered as inoperative, or as not being the will of the testator, before administration is granted : and it never occurred in my practice that upon a plea of *non assumpsit infra sex annos*, it should be stated that you ought to deduct that portion of time which had run between the testator's death and the taking out probate or letters of administration.   I believe that cases where such an interval has taken place have frequently occurred, and where that interval has formed part of the statute's continuing to run, and I never heard the objection made before.   It is put on this ground : The meaning of the 3rd section of the statute of limitations, it is said, is this—the action should not only have accrued six years, but there should have been a continuing cause of action, with a plaintiff capable of suing, and a defendant capable of being sued, the whole time.   Now again, although this precise point may never have occurred, yet cases have arisen frequently, in actions both by and against executors, where for a portion of the time there was no such capacity of suing, and yet I never heard of such a portion of time being subtracted from the six years.   It appears to me that the general interpretation of the statute has been this : That where an action has once accrued, and the statute has begun to run, there being then a capacity of suing and of being sued, the statute continues to run."

This case of *Rhodes* v. *Smethurst* was taken on writ of error to the Court of Exchequer Chamber, where the question was reargued and reconsidered (6 M. & W. 351), and in an elaborate opinion by Lord Chief Justice DENMAN, reviewing all the previous cases upon the subject, the judgment of the Court of Exchequer was unanimously affirmed. In the course of his opinion, the Lord Chief Justice said :

" It is in argument, that no laches can be imputed to the plaintiff for not suing during that portion of time during which there was no person whom he could sue, and therefore that period of time ought to be excluded from the calculation, by an equitable extension of the terms of the act. This argument might be entitled to some weight, if the clause in question had had for its object the remedying of some inconvenience under which plaintiffs suffered, in which case it might be extended by construction to reach a case not within the words, but within the mischief intended to be remedied. But the object of the act is quite different ; it was passed for the benefit of defendants, to exempt them from being called to account in respect of transactions long gone by, which it might not be easy to explain at a distance of time. This object would be liable to be, in many cases, defeated, if we were to adopt the construction contended for by the plaintiff ; the time of limitation might be indefinitely prolonged, and we should be extending a statute by equity, not to forward, but to defeat, the remedy which the act had in view."

The same principle of construction has been applied to the Maryland act of limitations of 1715, in force here, as that applied to the English statute of James I. In the case of *Ruff's Adm. de bonis non* v. *Bull*, 7 H. & Johns. 15, it was held, that when the statute of limitations once begins to run, no subsequent circumstances stop its operation. It does not, however, begin to operate unless there is a person *in esse* competent to sue. The same principle was reaffirmed in *Young* v. *Mackall*, 4 Md. 373.

In the case of *Walden* v. *Gratz's Heirs*, 1 Wheat. 292, 296, the same principle of construction is maintained. In that case, it was argued by counsel for the defendant in error, that after the statute has begun to run, it stops, if the title passes to a person under any legal disability, and recommences after such disability shall be removed. But the court, in response to this argument of counsel, said : "This construction, in the opinion of this court, is not justified by

the words of the statute. Its language does not vary essentially from the language of the statute of James I, the construction of which has been well settled ; and it is to be construed as that statute, and all other acts of limitations founded on it, have been construed." The principle of this last and the preceding cases was fully expounded and approved by the Supreme Court of the United States, in the case of *McDonald* v. *Hovey*, 110 U. S. 619.

It thus clearly appears, that the principle of construction that applies to and must control the decision of this case, is well and long since established, and too firmly settled to be questioned. The decisions of courts of high authority are numerous which maintain the principle of construction we have stated, and many of them upon facts quite analogous, and in some respects similar, to the facts of the present case. *Hayman* v. *Keally*, 3 Cr. C. C. 325 ; *Marsteller* v. *Marsteller*, 93 Penn. St. 350, 355; *Granger* v. *Granger*, 6 Ohio, 35, 42 ; *Tyson, Adm.*, v. *Britton*, 6 Texas, 222.

It has, however, been earnestly argued, in behalf of the plaintiff, that the principle of the decisions made in the cases of *Hanger* v. *Abbott*, 6 Wall. 532, and *Braun* v. *Sauerwein*, 10 Wall. 223, where it was held, that the operation of the statute of limitations was suspended during the existence of the war of the rebellion, should be applied here, and thus arrest the running of the statute during the pendency of the litigation in regard to the probate of the will of the debtor. But those cases stand on peculiar ground, and are based on the paramount necessities and restraints imposed by a state of war. There is no such analogy between those cases and the present, as would justify the court in declaring that the running of the statute as applied to this case, was suspended during the pendency of the litigation as to the right of probate of the will of the deceased debtor.

In this case, however, the plaintiff has suffered no prejudice by the delay occasioned by the litigation in regard to the probate of the will. Of the three years, the statu-

tory period of limitation, the plaintiff had nearly ten months and a half from the accrual of the right of action to the death of the debtor, within which to bring the action ; and from the grant of letters testamentary to the defendant to the expiration of the three years limitation, he had about nine months within which he could have brought the action, free of the bar of the statute ; so it has been by his own neglect and default that he has allowed his claim to become subject to the bar of the act of limitations. This, upon reason and principle, does not differ from the case of *Terry* v. *Anderson,* 95 U. S. 628. In that case it was held, that a statute reducing the time prescribed by the statute of limitation in force when the right of action accrued, was not unconstitutional, inasmuch as there was a reasonable time given (in that case, nine months and a half), for the commencement of a suit before the bar would take effect. There are many other cases to the like effect.

Finding no error, the judgment appealed from must be affirmed.

*Judgment affirmed.*