COPE et al. v. FREYN ENGINEERING CO.

Civ. No. 6745.

United States District Court
W. D. Pennsylvania.

Feb. 15, 1949.

Harry Alan Sherman, of Pittsburgh, Pa., for plaintiffs.

Stuart Nye Hutchison, Jr., of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is before us on defendant's motion to dismiss and its motion for a more definite statement.

Defendant, in support of its motion to dismiss, avers that the complaint fails to state a claim against defendant upon which relief can be granted to any of the twenty-three plaintiffs.

In support of this motion, defendant contends that the statute of limitations has run on each of the twenty-three causes of action set forth in the complaint and that all of such causes of action are forever barred.

Section 6 of the Portal-to-Portal Act of May 14, 1947, 29 U.S.C.A. § 255, provides:

"Any action commenced on or after the date of the enactment of this Act to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

"(a) if the cause of action accrues on or after the date of the enactment of this Act—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to the date of the enactment of this Act—may be commenced within whichever of the following periods is the shorter; (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to the date of the enactment of this Act, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after the date of the enactment of this Act unless at the time commenced it is barred by an applicable State statute of limitations."

The Bacon-Davis Act, 40 U.S.C.A. § 276a provides: "every contract based upon these specifications shall contain a stipulation that the contractor or his subcontractor shall pay all mechanics and laborers employed directly upon the site of the work, unconditionally and not less often than once a week, and without subsequent deduction or rebate on any account, the full amounts accrued at time

of payment, computed at wage rates not less than those stated in the advertised specifications, regardless of any contractual relationship which may be alleged to exist between the contractor or subcontractor and such laborers and mechanics, and that the scale of wages to be paid shall be posted by the contractor in a prominent and easily accessible place at the site of the work; * * *."

· Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that: "In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * *."

Plaintiffs, in paragraph eighth of their complaint, aver "Contrary to the requirements of the Bacon-Davis Act as aforesaid, defendant failed to post a schedule of pay rates as designated by the Secretary of Labor and at the time of the employment of the several plaintiffs, they were not familiar with the rate designated for the said work by the United States Secretary of Labor."

I am of the opinion that under the facts, as averred in the complaint, the Acts aforesaid and the Rules of Civil Procedure that the defense of the statute of limitations should not be determined now. Defendant, if it desires, may file an answer in which the defense of the statute of limitations will be raised and which will set forth the facts in relation thereto and can request the Court for an order under Rule 7 for plaintiffs to make a reply thereto.

Defendant asked the Court, in event that the foregoing motion to dismiss is refused, that plaintiffs be required to furnish a more definite statement as follows:

(a) The particular days on which each plaintiff was employed by defendant on the project described in the Complaint;

(b) The number of hours which each plaintiff worked on each particular day on which such plaintiff was employed by defendant on the project described in the Complaint; and

(c) The computation of the additional compensation claimed by each plaintiff.

This motion is reasonable. Plaintiffs in so far as they have knowledge should specify the days on which each plaintiff was employed by the defendant, the number of hours which each plaintiff worked on each particular day and the computation of the additional compensation.

Let an order be prepared and submitted in accordance with the foregoing opinion.