**TAYLOR  v.  HOUSTON et al.**
**No. 11819.**

United States Court of Appeals,
District of Columbia Circuit.

Submitted Jan. 6, 1954.

Decided March 4, 1954.

Messrs. Leroy H. McKinney and Fred G. Minnis, Washington, D. C., submitted on the brief for appellant.

Messrs. Vernon E. West, Corporation Counsel for the Dist. of Columbia, Chester H. Gray, Principal Asst. Corporation Counsel, and Harry L. Walker and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., submitted on the brief for appellees.  Messrs. C. Beldon White, II, Assistant Corporation Counsel, and Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., at time record was filed, entered appearances for appellees.

Before PRETTYMAN, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

In a complaint filed in the District Court on December 3, 1952, appellant alleged that appellees committed an assault and battery upon him on May 18, 1951.  The complaint and its attached affidavits alleged that appellant was non compos mentis for a period of over six months, namely, from May 30, 1951, to December 20, 1951, and implied that this period of mental incompetency was the direct result of the beating inflicted by appellees.  Appellees filed a motion to

dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. The District Court granted the motion and dismissed the complaint with prejudice. This appeal followed.

Appellees rely on the one-year statute of limitations applicable to actions for assault and battery. D.C.Code § 12–201 (1951). Appellant relies on the proviso contained in the statute "That if any person entitled to maintain any of the actions aforesaid shall be at the time of the accruing of such right of action * * * non compos mentis, * * * such person or his proper representative shall be at liberty to bring such action within the respective times in this section limited after the removal of such disability * * *."

 We think that this proviso is not applicable here. In terms it applies where the disability existed "at the time of the accruing" of the right of action. Courts have consistently refused to interpret such provisions to arrest the running of the limitation period where the disability occurred or arose subsequent to the origin of the cause of action.[1]

Interpreting the complaint to allege that the disability was caused by the assault does not help the appellant. A few cases have held that the limitation period will not run where insanity is caused by an injury and occurs simultaneously with the injury.[2] But appellant makes no such claim. He alleges only that his disability arose twelve days after the injury. This will not suffice. Where there is a lapse of time between the injury and the insanity, the statute will have started running and will not be stopped.[3] Of course, where the disability arises a very short time after the injury and persists throughout the entire limitation period, strong equitable considerations might militate against application of this rule. But such is not the case here. Appellant admits his disability was removed about December 20, 1951. He had almost five months after that to bring suit.

The statute of limitations was properly raised by a motion to dismiss, made prior to filing of an answer by appellees or the submission of affidavits by them. See Fed.R.Civ.P. 9(f), 12(b) (6), 28 U.S.C.A.; Berry v. Chrysler Corp., 6 Cir., 1945, 150 F.2d 1002. The judgment of the District Court must accordingly be

Affirmed.

1. E. g., DeArnaud v. United States, 1894, 151 U.S. 483, 14 S.Ct. 374, 38 L.Ed. 244; McDonald v. Hovey, 1884, 110 U.S. 619, 4 S.Ct. 142, 28 L.Ed. 269; Gibson v. Ruff, 1896, 8 App.D.C. 262.

2. Nebola v. Minnesota Iron Co., 1907, 102 Minn. 89, 112 N.W. 880; Sasser v. Davis, 1864, 27 Tex. 656, 657 (semble); cf. City of Miami Beach v. Alexander, Fla. 1952, 61 So.2d 917.

3. Roelefsen v. City of Pella, 1903, 121 Iowa 153, 96 N.W. 738; Calumet Electric St. Ry. v. Mabie, 1896, 66 Ill.App. 235.