Gideon J. ROHNER, Jr., Appellant,

v.

UNION PACIFIC RAILROAD COMPANY, a Utah Corporation, Appellee.

No. 5063.

United States Court of Appeals Tenth Circuit.

July 7, 1955.

---

Robert McLean, Denver, Colo. (Kenneth N. Kripke, Denver, Colo., was with him on the brief), for appellant.

Ed Knowles, Denver, Colo. (Clayton D. Knowles, Kenneth A. Selby, Denver, Colo., W. R. Rouse and F. J. Melia, Omaha, Neb., were with him on the brief), for appellee.

Before BRATTON and MURRAH, Circuit Judges, and WALLACE, District Judge.

WALLACE, District Judge.

Appellant, G. J. Rohner, Jr. (herein referred to as plaintiff) filed this action in the Colorado District Court on July 6, 1954, under the Federal Employers' Liability Act,[1] to recover for personal injuries he allegedly received "On or about February 17, 1946" while working as a switchman for the appellee, Union Pacific Railroad Company (herein referred to as defendant). The defendant moved to dismiss the action with prejudice and asked for summary judgment inasmuch as it appeared from the face of the complaint that the action had not been commenced "within three years from the day the cause of action accrued" as required by the Act.[2] After argument of counsel the trial court entered judgment in favor of the defendant; and, from such judgment plaintiff appeals.

Plaintiff urges that the defendant's attempt to raise the question of statute of limitations in a motion to dismiss was premature, and that the trial court erred in not overruling such motion and requiring the defendant to answer, therein setting forth such issue as an affirmative defense.

1. 45 U.S.C.A. § 51 et seq.

2. "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued. * * *" 45 U.S.C.A. § 56.

■ Although there is considerable authority that the defense of statute of limitations may not be raised upon a motion to dismiss for the reason it is an affirmative defense, which can be waived, and thus must be expressly raised by answer,[3] the leading authorities recognize that where (as in the instant case) the complaint shows on its face that the action has not been instituted within the statutory period, such issue may be resolved upon a motion to dismiss where it is apparent there is no genuine factual controversy as to the availability of such affirmative defense.[4]

■ In addition, defendant's pleading, although entitled "Motion To Dismiss and For Summary Judgment", clearly was treated by the trial court as a request for summary judgment.[5] The intended purpose of the summary judgment provision is to enable the trial court to readily dispose of cases on matters of law where it becomes evident no material controversy of fact remains.[6] The complaint in question disclosed that the asserted cause of action had its inception more than eight years prior to the time the case was filed; and, when the defendant, by motion, admitted all facts well-pleaded, it then became incumbent upon plaintiff to demonstrate to the trial court that, although not shown by the present state of the pleadings, a material issue of fact existed.[7] Plaintiff's failure

3. Cope v. Freyn Engineering Co., D.C.Pa. 1949, 8 F.R.D. 620; Weber v. United States, D.C.N.Y.1948, 8 F.R.D. 161; Curtis v. George J. Meyer Malt & Grain Corporation, D.C.N.Y.1947, 6 F.R.D. 444; Dirk Ter Haar v. Seaboard Oil Co. of Delaware, D.C.Cal.1940, 1 F.R.D. 598. The rationale of these decisions is that the defense of statute of limitations is not included in the specifically enumerated defenses listed in Fed.Rules Civ.Proc. rule 12(b), 28 U.S.C.A., which at option of pleader may be urged by motion; and consequently a responsive pleading is required. See, also, F.R. 8 (c) which lists statute of limitations as an affirmative defense. ·

4. Berry v. Chrysler Corporation, 6 Cir., 1954, 150 F.2d 1002; Taylor v. Houston, 1954, 93 U.S.App.D.C. 391, 211 F.2d 427, 41 A.L.R.2d 724. See · 2 Moore's Fed. Prac. (2d Ed.) § 12.10. Cf. Colonial Airlines, Inc., v. Janas, 2 Cir., 1953, 202 F. 2d 914, 918, wherein it is observed: "The fact that accord and satisfaction is an affirmative defense under F. R. 8(c) does not prevent adjudication on summary judgment where the essential facts are made clear of record"; and, Kam Koon Wan v. E. E. Black, Ltd., 9 Cir., 1951, 188 F.2d 558, wherein summary judgment was granted on an affirmative defense urged under Portal-to-Portal Act, 29 U.S.C.A. § 258. Distinguish Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 1950, 182 F.2d 305, wherein this Court reversed the New Mexico District Court for dismissing the action upon alternative motions to dismiss or transfer to a more convenient forum wherein basis of trial court's dismissal was that state of limitations in the convenient forum (California) had run; but, where affidavits of record indicated a genuine issue of fact on whether defendant might be estopped from asserting statute of limitations as a defense.

5. "A party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." F.R. 56(b).

6. See F.R. 56(c). As mentioned by Judge Huxman in Schreffler v. Bowles, 10 Cir., 1946, 153 F.2d 1, 3: "The salutary purpose of Rule 56 is to permit speedy and expeditious disposal of cases. where the pleadings do not as a matter of fact present any substantial question for determination. * * * " Also, · see General Beverages, Inc., v. Rogers, 10 Cir., 1954, 216 F.2d 413.

7. See Zampos v. United States Smelting, Refining and Mining Co., 10 Cir., 1953, 206 F.2d 171. Plaintiff's burden was even more pointed in this case inasmuch as a complainant under the Federal Employers' Liability Act must allege and prove the action has been instituted within the prescribed time, Carpenter v. Erie R. Co., 3 Cir., 1942, 132 F.2d 362 and, there is persuasive authority that even active fraud by the defendant employer will not toll the running of the statute of limitations under the Act. Damiano v. Pennsylvania R. Co., 3 Cir., 1947, 161 F.2d 534; Frabutt v. New York, Chicago & St. Louis R. Co., D.C.Pa.1949, 84 F.Supp. 460; and, accord upon principle, Osbourne v.

left the facts undisputed, and the court had no alternative as a matter of law but to render summary judgment for the defendant.

Accordingly, the judgment is affirmed.

United States, 2 Cir., 1947, 164 F.2d 767. However, read Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 1949, 178 F.2d 253, 15 A.L.R.2d 491, wherein Court held that where complainant alleged that he, while a minor, was fraud- ulently induced by railroad claim agent to delay filing an action beyond the time of limitation, such stated a cause of action. Cf. Headrick v. Atchison, T. & S. F. Ry. Co., footnote 4, supra, on fraud tolling statute.