**Viola JONES, Administratrix of the Estate of Deighton W. Jones, deceased, Plaintiff,**

v.

**CHICAGO AND NORTHWESTERN RAILWAY COMPANY, a corporation, Defendant.**

**Civ. No. 129 L.**

United States District Court
D. Nebraska.
March 25, 1958.

11. Except Mullen v. Mullen, D.C.D.Alaska, 14 F.R.D. 142.

12. 26 U.S.C. § 6103.

13. 13 U.S.C. § 214.

Frank B. Morrison (Doyle, Morrison & Doyle), Lincoln, Neb., for plaintiff.

R. D. Neely (Neely, Otis & Neely), Omaha, Neb., for defendant.

VAN PELT, District Judge.

The complaint herein was filed January 31, 1958. It sets forth a cause of action for damages because of the alleged wrongful death of the deceased and alleges that the widow and a daughter were the sole next of kin. The death is alleged to have occurred February 24, 1955 at Fremont, Nebraska, as a result of an accident on that date, for which it is claimed the defendant was responsible. There is also set forth a cause of action for property damage.

Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted, and specifically stating that the complaint shows the action was not brought within two years after the cause of action accrued as prescribed by Section 30–810, Revised Statutes of Nebraska, 1943.

The Nebraska statutes creating a cause of action for wrongful death, in the section above mentioned, provide in part: "Every such action * * * shall be commenced within two years after the death of such person".

Concededly, the action was not brought within that time. The only question is whether the matter can be raised by a motion to dismiss under Fed.Rules Civ. Proc. rule 12(b) (6), 28 U.S.C.A., or whether the statute has to be affirmatively pleaded under Rule 8(c). The motion in this case did not include a motion for summary judgment.

It is the Court's conclusion that where the complaint shows on its face that the action has not been instituted within the statutory period and where there is no genuine factual controversy as to the availability of such affirmative defense, the issue may be resolved upon a motion to dismiss. See Rohner v. Union Pacific Railroad Co., 10 Cir., 225 F.2d 272, cited by defendant. There is authority within this Circuit for this conclusion in Brictson v. Woodrough, 8 Cir., 164 F.2d 107 (certiorari denied 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772), wherein it is said:

"Under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, where it affirmatively appears on the face of the complaint that the action is barred by limitations, and no facts are alleged to avoid the bar of the statute, the defense may be raised by motion to dismiss." 164 F.2d at pages 110, 111.

An Order will this day be entered dismissing the action.