**VALDOSTA LIVESTOCK COMPANY, a Georgia Corporation,**

v.

**Jacob C. WILLIAMS and Bank of Washington.**

Civ. No. 463.

United States District Court
E. D. North Carolina,

Washington Division.

Nov. 29, 1962.

Bryan Grimes, Washington, N. C., Franklin, Barham, Coleman, Elliott & Blackburn, Valdosta, Ga., for plaintiff.

James R. Poole, Levinson & Levinson, Smithfield, N. C., Rodman & Rodman, Washington, N. C., for defendant.

LARKINS, District Judge.

This action was instituted on August 17, 1960 in the Washington Division, United States District Court, Eastern District of North Carolina. It allegedly arose out of a series of three separate purchases of hogs from the Valdosta Livestock Co., Inc., Valdosta, Georgia, by the defendant Jacob C. Williams, who allegedly made said purchases for the Washington Hog Market, Inc., Washington, North Carolina, a corporation, of which he was an officer.

Three separate sight drafts, in payment of said hogs, were subsequently drawn, as follows: On January 8, 1960, G. W. Turner drew a sight draft through First State Bank, Valdosta, Georgia, on the Washington Hog Market, Inc., through the Bank of Washington, Washington, North Carolina. The First State Bank sent the draft to its North Carolina correspondent and clearing bank, the First-Citizens Bank and Trust Co., Raleigh, North Carolina for collection. The First-Citizens Bank and Trust Co. forwarded the draft to the defendant Bank of Washington, Washington, North Carolina on January 11, 1960.

Defendant Bank of Washington received the first draft, in an amount of $3,-219.80, on January 12, 1960, and returned the draft unpaid to the First-Citizens Bank and Trust Co., Raleigh, North Carolina, on January 27, 1960.

Defendant Bank of Washington received the second draft, in an amount of $4,426.55, on January 21, 1960, according to its records. Plaintiff contends that the defendant Bank of Washington received the draft on January 19, 1960. The draft was returned unpaid to the First-Citizens Bank and Trust Co., Raleigh, North Carolina, on January 27, 1960. The plaintiff contends that the draft was not returned until January 28, 1960.

Defendant Bank of Washington received the third draft, in an amount of $3,876.85, on January 26, 1960. This draft was held until January 30, 1960, and was returned unpaid to the First-Citizens Bank and Trust Co., Raleigh, North Carolina.

A motion by plaintiff for summary judgment against both defendants, Jacob C. Williams and Bank of Washington, was filed on March 2, 1962. Plaintiff submitted a memorandum of law in support of the motion for summary judgment.

A pre-trial conference was held at Washington, North Carolina on September 11, 1962. The plaintiff, through counsel, advised the Court that it did not press its motion for summary judgment against the defendant Jacob C. Williams as there was a bona fide issue as to his personal liability. Consequently, the motion for summary judgment against defendant Jacob C. Williams was overruled.

The Court then heard oral arguments on the motion for summary judgment by

plaintiff and defendant Bank of Washington. Counsel for defendant Bank of Washington advised the Court that a case similar to the present action was pending in the North Carolina Supreme Court. Since this Court would be bound by the decision of the North Carolina Supreme Court under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Court in its discretion continued the pretrial conference until the case pending in the North Carolina Supreme Court was decided. The case before the North Carolina Supreme Court, Benthall v. Washington Hog Market, Inc., 1962, 257 N.C. 748, 127 S.E.2d 507.

## FINDINGS OF FACT

1. The plaintiff is a corporation organized under and by virtue of the laws of Georgia, with its principal place of business at Valdosta, Georgia.

2. The defendant Jacob C. Williams admitted that he was a resident of Washington, North Carolina.

3. The defendant Bank of Washington is a State banking corporation of the State of North Carolina, with its principal place of business in Washington, North Carolina.

4. The value of the matter in controversy is in excess of Ten Thousand ($10,000.00) Dollars exclusive of interest and costs, and diversity of citizenship exists between the plaintiff and each of the defendants. The Court has jurisdiction of the parties and subject matter of this action by virtue of Title 28, U.S.C., § 1332.

5. On January 7, 1960, plaintiff delivered to defendant Williams a quantity of hogs for which the purchase price was $3,219.80. A sight draft in this amount was drawn by G. W. Turner, President of the Valdosta Livestock Co., Inc.) chargeable to the account of the Washington Hog Market, Inc., Washington, North Carolina, and payable to the Valdosta Livestock Co., Inc., Valdosta, Georgia.

6. The First State Bank of Valdosta, Georgia forwarded the draft to its correspondent and clearing bank, the First-Citizens Bank and Trust Co., Raleigh, North Carolina. On January 11, 1960, this clearing bank sent the draft to the Bank of Washington for collection. The defendant Bank of Washington received the draft on January 12, 1960.

7. The defendant Bank of Washington, at the request of the First-Citizens Bank and Trust Co., Raleigh, North Carolina, returned the draft to the First-Citizens Bank and Trust Co., Raleigh, North Carolina on January 27, 1960. This draft, marked "Exhibit A" attached to the complaint was unpaid when returned.

8. On January 14, 1960, plaintiff delivered to defendant Williams a quantity of hogs for which the purchase price was $4,426.55. A sight draft in this amount was drawn by G. W. Turner, (President of the Valdosta Livestock Co., Inc.) chargeable to the account of the Washington Hog Market, Inc., Washington, North Carolina and payable to the Valdosta Livestock Co., Inc., Valdosta, Georgia.

9. The First State Bank of Valdosta, Georgia forwarded the draft to its correspondent and clearing bank, First-Citizens Bank and Trust Co., Raleigh, North Carolina. On January 18, 1960, this clearing bank sent the draft to the Bank of Washington for collection.

10. The defendant Bank of Washington, at the request of the First-Citizens Bank and Trust Co., Raleigh, North Carolina, returned the draft to the First-Citizens Bank and Trust Co., Raleigh, North Carolina on January 27, 1960. This draft, marked "Exhibit B" attached to the complaint was unpaid when returned.

11. On January 21, 1960, plaintiff delivered defendant Williams a quantity of hogs for which the purchase price was $3,876.85. A sight draft in this amount was drawn by Mrs. G. W. Turner, (wife of the President of the Valdosta Livestock Co., Inc.) chargeable to the account of Washington Hog Market, Inc.,

Washington, North Carolina and payable to the Valdosta Livestock Co., Inc., Valdosta, Georgia.

12. The First State Bank of Valdosta, Georgia forwarded the draft to its correspondent and clearing bank, First-Citizens Bank and Trust Co., Raleigh, North Carolina. On January 25, 1960, this clearing bank sent the draft to the Bank of Washington for collection. The defendant Bank of Washington received this draft on January 26, 1960.

13. The defendant Bank of Washington, at the request of the First-Citizens Bank and Trust Co., Raleigh, North Carolina, returned the draft to the First-Citizens Bank and Trust Co., Raleigh, North Carolina on January 30, 1960. This draft, marked "Exhibit C" attached to the complaint was unpaid when returned.

## CONCLUSIONS OF LAW

1. Rule 56 of the Federal Rules of Civil Procedure provides for the use of summary judgment. It may be entered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, but it cannot be invoked to deprive litigants of their right to trial by jury if there remain genuine issues of material facts to be tried. Progress Development Corp. v. Mitchell, 286 F.2d 222 (7th Cir., 1961). The purpose of the summary judgment procedure is to enable the trial court to readily dispose of cases on matters of law where it becomes evident no material controversy of fact remains. Rohner v. Union Pac. R. Co., 225 F.2d 272, 61 A.L.R.2d 337 (10th Cir., 1955).

2. With the above principles to guide the Court, it cannot be said as a matter of law that this plaintiff is entitled upon its motion to summary judgment against the Bank of Washington. In volume three of Barron & Holtzoff at page 102, it is said that summary judgment is not proper where the material facts are uncertain. The authors cite Chemical Foundation v. Universal-Cyclops Steel Corp., 2 F.R.D. 283 (D.C.Pa., 1942), as authority for this proposition. In this action the plaintiff contends that the sight drafts were cash items while the defendant Bank of Washington argues that they were collection items. Also, the plaintiff contends that the defendant Bank of Washington was negligent in its handling of the drafts. On the other hand, the defendant Bank of Washington contends that it handled the drafts in a manner identical to its previous handling of drafts drawn by the plaintiff. Certainly, a bona fide issue of fact is presented by these contentions. The Court cannot enter a summary judgment with these factual issues in the case.

3. In the recent case of Benthall v. Washington Hog Market, Inc., and The Bank of Washington, 257 N.C. 748, 127 S.E.2d 507 (Filed October 10, 1962), the North Carolina Supreme Court held that the Bank of Washington was not liable on substantially similar facts. In that case only one draft was involved. However, many factual situations in that case were strikingly similar to the ones in this action. Since this is a Federal District Court sitting in North Carolina, this Court has to follow the substantive law of this jurisdiction, this Court cannot say as a matter of law that the plaintiff is entitled upon its motion to summary judgment against the Bank of Washington.

The motion for summary judgment is therefore

Overruled.