Cesar **IZQUIERDO,** Plaintiff,

v.

**CITIES SERVICE OIL COMPANY (PA.),** Orange State Oil Company, Arkansas Fuel Oil Corporation (Del.), Cities Service Oil Company (Delaware), Cities Service Refining Corporation, Cities Service Petroleum Company, Cities Service Tankers Corporation (Del.), Cities Service Oil Company, Cities Service Company, Defendants.

United States District Court
S. D. New York.
July 16, 1965.

Danzig & Danzig, New York City, for plaintiff; Stanley P. Danzig, New York City, of counsel.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for defendants; Robert S. Blanc, Jr., Thomas H. Healey, New York City, of counsel.

McGOHEY, District Judge.

The defendants have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state claims upon which relief can be granted, on the ground that those asserted are time barred.

The plaintiff, a seaman, asks damages totalling $100,000 on three claims. The first, alleging personal injuries resulting from the defendants' negligence, is laid under the Jones Act.[1] The second and third are laid under the general maritime law and allege, respectively, the same injuries as resulting from unseaworthiness, and failure to pay maintenance and cure. Although the complaint states that the injuries were sustained on October 16, 1956, it was not filed until April 20, 1965, and it pleads no facts tending to excuse the delay.

■ Matters outside the complaint which appear in affidavits submitted on the motion and in the court's files have been considered. Accordingly the motion has been treated as one for summary judgment pursuant to Rule 56.[2]

There is no dispute as to the material facts bearing on the motion. The issue is whether, as the plaintiff contends, the events hereafter related which occurred during the eight and one-half years which elapsed between the alleged accident and the commencement of this action, tolled the three year period of limitation applicable to his claim under the Jones Act[3] and also absolve him of laches with respect to his claims under the general maritime law.

On October 2, 1959, two weeks before the Jones Act limitation period was due to expire, the plaintiff, by his present counsel, commenced an action in this court against Cities Service Oil Co. only, for the same relief sought here.[4] The latter answered and noticed an examination of the plaintiff to be held on November 30, 1959. He did not appear until April 14, 1960, and then only after the defendant had moved to dismiss the action because of his repeated failure to appear on various adjourned dates. The plaintiff did not notice the case for trial until

1. 46 U.S.C. § 688.

2. Rohner v. Union Pacific R.R., 10 Cir., 225 F.2d 272, 61 A.L.R.2d 337; Taylor v. Houston, 93 U.S.App.D.C. 391, 211 F.2d 427, 428, 41 A.L.R.2d 724; 2 Moore's Federal Practice 2nd Ed. ¶ 12.-10; Cf. Colonial Airlines v. Janas, 2 Cir., 202 F.2d 914, 918.

3. 45 U.S.C. § 56.

4. S.D.N.Y. Docket No. 151 Civ. 138.

September 6, 1961 and even then acted only under the compulsion of Chief Judge Ryan's order dated March 9, 1961, which provided for dismissal if the case was not placed on the trial calendar by September 9, 1961. Thereafter the plaintiff's defaults during the pre-trial proceedings resulted in an order by Judge Sugarman on April 26, 1963, dismissing the case as "abandoned" pursuant to Rule 16(b) of the Calendar Rules of this Court. Upon the plaintiff's petition dated August 20, 1963, Chief Judge Ryan, on August 26, vacated the dismissal order but only on condition that the plaintiff's counsel pay $100 costs to defendant's counsel and that security be posted for future costs in the amount of $250. On April 6, 1964, the action was again dismissed, this time by Judge Noonan, pursuant to Calendar Rule 16(b). The basis of this dismissal was the plaintiff's repeated refusal to comply with a provision of Judge Noonan's pre-trial order which directed the plaintiff to specify within a fixed time the records of the defendant which, he contended, he would need at the trial to prove his claims. Indeed, although the dismissal was "without prejudice," the plaintiff refused, or at least failed, to take advantage of this by offering a tardy compliance with the pre-trial order. Instead he took an appeal. This resulted in affirmance of the dismissal, with costs, on October 21, 1964.[5] Review by the Supreme Court was not sought and the time within which it could have been, expired on January 20, 1965.[6] On March 26, 1965, and again on April 5, 1965, the plaintiff reasserted his claims in separate actions commenced in the New York Supreme Court, Kings County.[7]

As the defendants concede, the Jones Act period of limitation was tolled during the pendency of the prior action in this court, that is, from October 2, 1959, when it was commenced, until the plaintiff's time to seek Supreme Court review of its dismissal expired on January 20, 1965.[8] On the latter date, however, only fourteen days remained before the expiration of the Jones Act limitation period and these ended on February 5, 1965, at the latest. Accordingly, since the instant action was not commenced within the Jones Act period of limitation, the first claim which is laid under that Act, is barred.[9]

The plaintiff's reliance on New York's "saving" statute [10] is misplaced. Such statutes may not be incorporated into the Jones Act to vary its limitation provision [11] and in any event New York's statute by its terms is inapplicable when, as here, the complaint has been dismissed "for neglect to prosecute the action."

The effect of the plaintiff's delay on his two claims under the general maritime law is to be determined by the admiralty doctrine of laches and relevant to that determination is the analogous New York statute of limitation with respect to each claim.[12] Prior to September 1, 1963, one section of that statute provided that an action for damages for "a personal injury, resulting from negligence"

5. Court of Appeals, 2 Cir., Docket No. 29002.

6. 28 U.S.C. § 2101(c).

7. The March 26 action named all of the instant defendants. The April 5 action named only "Cities Service Oil Company, Inc. (Pa.), Cities Service Oil Company, Inc. (Delaware), Cities Service Company (Delaware), Cities Service Tankers Corporation (Delaware)."

8. See Burnett v. New York Central Railroad Company, 380 U.S. 424, 85 S.Ct. 1050, 1058, 13 L.Ed.2d 941 (1965).

9. Claussen v. Mene Grande Oil Company, C.A., 275 F.2d 108, 110 (3 Cir. 1960); Phillips v. Luckenbach Steamship Co., 227 F.Supp. 195 (S.D.N.Y.1964); Burns v. Marine Transport Lines, Inc., 207 F. Supp. 276, 278 (S.D.N.Y.1962); Scott v. United Fruit Company, 195 F.Supp. 278, 279 (S.D.N.Y.1961).

10. CPLR § 205, McKinney's Consolidated Laws of New York Ann.

11. Burnett v. New York Central Railroad Company, supra.

12. Larios v. Victory Carriers, Inc., 316 F. 2d 63, 65 (2 Cir. 1963).

had to be brought within three years.[13] Another section provided that if the action was based on "a personal injury" not resulting from negligence, it could, with certain exceptions not here material, be brought within six years.[14] Since proof of negligence is not necessary to sustain a claim based on personal injury resulting from unseaworthiness, the latter section has been deemed the appropriate guide for determining whether such a claim was barred by laches.[15]

■ On September 1, 1963, the New York Civil Practice Act was superseded by a new statute, Civil Practice Law and Rules (CPLR). This provides, with certain exceptions not here material, that "an action to recover damages for a personal injury" must be commenced within three years.[16] The quoted language certainly is broad enough to cover a claim for personal injuries resulting from unseaworthiness and the legislative history shows that the precise purpose of the new statute's draftsmen was to eliminate the former time bar distinction which depended on whether the personal injury sued on resulted from negligence or otherwise.[17]

Whether in considering the question of laches in respect to a seaman's claim based on unseaworthiness, this court should apply New York's three year personal injury limitation [18] or New York's six year breach of warranty limitation [19] need not be decided here because even if the shorter period be used the defendants must nevertheless fail for reasons to be considered later.

■ The claim for maintenance and cure is based on an implied "contractual obligation arising out of the nature of the employment." [20] The analogous statute of limitation therefore is CPLR § 213 par. 2. Accordingly that claim is not barred and would save the unseaworthiness claim even if the latter were asserted beyond the limitation period.[21] The defendants urge that it is barred because the alleged injury occurred more than eight years prior to the commencement of this action. This contention ignores the pendency of the prior action and is rejected.

■ Although the plaintiff's long delay in bringing his claims to trial is inexcusable, there has been no showing that the defendants have been prejudiced. The plaintiff's deposition was taken and it must be assumed in the absence of a contrary showing that the defendants were ready for trial in 1963 when the pre-trial order in the prior action was entered by Judge Noonan. It has not been shown that the evidence presumably

---

13. N.Y. Civil Practice Act § 49, par. 6.

14. N.Y. Civil Practice Act § 48, par. 3. The exceptions are covered in § 50, par. 1 and § 51, par. 3.

15. Le Gate v. The Panamolga, 221 F.2d 689, 691 (2 Cir. 1955); Burns v. Marine Transport Lines, Inc., supra. See also Johnsen v. McAllister Lighterage Lines, Inc., 8 A.D.2d 831, 190 N.Y.S.2d 117, 119 (1959).

16. CPLR § 214, par. 5. The exceptions are covered in § 215.

17. Second Preliminary Report of the Advisory Committee on Practice and Procedure, Leg.Doc. (1958) No. 13, p. 71 and pp. 533 thru 537. See Schmidt v. Merchants Dispatch Transp. Co., 270 N.Y. 287, 200 N.E. 824, 104 A.L.R. 450 (1936) and Blessington v. McCrory Stores Corp.,

305 N.Y. 140, 111 N.E. 421, 377 A.L.R. 698 (1953).

18. See Lipfird v. Mississippi Barge Line Company, 310 F.2d 639 (3 Cir. 1962) in which the Jones Act three year period was used to measure laches. The court cited the concurring opinion of Justice Brennan in McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 229–230, 78 S.Ct. 1201, 1206–1207, 2 L.Ed.2d 1272, 1278–1279.

19. CPLR § 213, par. 2. See Blessington v. McCrory Stores Corp., supra.

20. Pacific Steamship Company v. Peterson, 278 U.S. 130, 138, 49 S.Ct. 75, 77, 73 L.Ed. 220, 223 (1928).

21. Oroz v. American President Lines, Ltd., 259 F.2d 636, 638 (2 Cir. 1958); Le Gate v. The Panamolga, supra.

available then is no longer available. Prejudice cannot be presumed here.[22]

The motion is granted as to the first claim and denied as to the second and third claims.

So ordered.

---

22. Larios v. Victory Carriers, Inc., supra, 316 F.2d at 63.