Thomas I. FITZGERALD, as Administrator of the goods, chattels and effects of Dimitrios Kontos, Plaintiff,

v.

ANGELA COMPANIA NAVIERA, S. A., et al., Defendants.

No. 74 Civ. 1293.

United States District Court,
S. D. New York.

June 22, 1976.

Lebovici & Safir by Herbert Lebovici, New York City, for plaintiff.

Cichanowicz & Callan by Victor S. Cichanowicz, John P. Schaffer, New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, in his capacity as Public Administrator of New York County, has brought this action on behalf of the widow and relatives of the Greek decedent Dimitrios Kontos to recover damages for the wrongful death of such decedent. Plaintiff claims that while decedent was employed aboard the SS ANGELA II, he became ill and was in need of medical care and attention which was not provided, and that as a result thereof, his physical condition deteriorated and eventually resulted in his death.

The SS ANGELA II was a merchant vessel which was registered under the laws of the Republic of Liberia and flew the Liberian flag. It was owned and operated by defendant Compania Naviera Angela, S. A., sued herein as Angela Compania Naviera, S. A., a foreign corporation wholly owned by defendant Commodity Chartering Corporation, Inc. Commodity Chartering Corporation, Inc., is a New York corporation wholly owned by citizens of the United States and residents of New York. Similarly, defendant Ocean Shipping and Trading Corporation, Inc. is a domestic corporation with its principal place of business in New York, though its relationship to the present action is unclear from the complaint and other papers submitted to the court to date.

In his complaint, plaintiff has predicated this action for damages for wrongful death on the Jones Act, 46 U.S.C. § 688, and the general maritime law of the United States or, alternatively, in a second cause of action, on the law of the Republic of Liberia, which incorporates the nonstatutory general maritime law of the United States insofar as it does not conflict with any specific Liberian provisions. Defendant has moved this court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint on the grounds that the causes of action alleged therein are barred by the applicable statutes of limitations. By letter of July 18, 1975, the court requested that both parties support their submissions with affidavits and submit 9(g) statements in accordance with the general rules of this Court, so that defendants' motion could be construed as a motion for summary judgment. This having been done and the court having considered all of the materials presented, it hereby denies defendants' motion for summary judgment for the reasons set out below.

■ A preliminary determination made by the court in reaching this decision is that the applicable body of law in the case is American law. The leading case to be scrutinized in making such a determination is, of course, *Lauritzen v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), which analyzed the factors to be considered in making a choice of law in a Jones Act case. The seven factors there cited were: 1) the place of the wrongful act; 2) the law of the ship's flag; 3) the allegiance or domicile of the injured seaman; 4) the allegiance of the shipowner; 5) the place of contract; 6) the inaccessibility of a foreign forum; and 7) the law of the forum.

While in *Lauritzen* itself the ultimate determination was that the law of the flag was of cardinal importance, the Court also noted that the law of the place of allegiance of the defendant shipowner could also be determinative:

"[I]t is common knowledge that in recent years a practice has grown, particularly among American shipowners, to avoid stringent shipping laws by seeking

foreign registration eagerly offered by some countries. Confronted with such operations, our courts on occasion have pressed beyond the formalities of more or less nominal foreign registration to enforce against American shipowners the obligations which our law places upon them." 345 U.S. at 587, 73 S.Ct. at 931. *See also Bobolakis v. Compania Panamena Maritima San Gerassimo,* 168 F.Supp. 236 (S.D.N.Y.1958).

This approach was embraced by the Supreme Court even more conclusively in *Hellenic Lines Limited v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), which extended the applicability of American law to a case where the owner of the ship involved was an alien resident of the United States who had established a "base of operations" in this country, even though the ship itself flew a foreign flag and the plaintiff seaman involved was a foreigner:

".   .   . We see no reason whatsoever to give the Jones Act a strained construction so that this alien owner, engaged in an extensive business operation in this country, may have an advantage over citizens engaged in the same business by allowing him to escape the obligations and responsibility of a Jones Act 'employer.' The flag, the nationality of the seaman, the fact that his employment contract was Greek, and that he might be compensated there are in the totality of the circumstances of this case minor weights in the scales compared with the substantial and continuing contacts that this alien owner has with this country." 398 U.S. at 310, 90 S.Ct. at 1734.

While both *Lauritzen* and *Rhoditis* were addressed specifically to Jones Act litigation, the Supreme Court has observed that the same choice of law principles should be applicable in cases applying general maritime law. In *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), the Court noted that ".   .   . the similarity in purpose and function of the Jones Act and the gen-

eral maritime principles of compensation for personal injury, admit of no rational differentiation of treatment for choice of law purposes." 358 U.S. at 382, 79 S.Ct. at 485.

■ Accordingly, the court finds that American law is applicable in the instant case. The next determination to be made by the court is whether, applying such law, this action is time barred. Preliminarily, it should be noted that plaintiff has conceded that the Jones Act aspect of the first cause of action [1] is time barred by the three year statute of limitations incorporated into the Jones Act. (*See* Plaintiff's Memorandum filed August 18, 1975, p. 20.) This is clearly the case, since the cause of action accrued on the date of plaintiff's decedent's death, which was December 30, 1969, and the complaint herein was not filed in this Court until March 20, 1974. An action under the Jones Act must be brought within the three year statute of limitations found in the Federal Employers' Liability Act. 46 U.S.C. § 688, 45 U.S.C. § 56.

■ Defendants make an argument that this bar to the Jones Act claim in turn removes the entire cause of action from this court's jurisdiction. Their theory is that the federal question jurisdiction inherent in the Jones Act element of the litigation is destroyed by barring that claim, and that the prerequisites of diversity jurisdiction have not been met. The court need not even address the somewhat complex question of whether or not federal question jurisdiction survives the dismissal of the Jones Act claim, since the general maritime law cited as an alternative basis for the first cause of action clearly comes within the admiralty jurisdiction of this court. The current Federal Rules of Civil Procedures specify that there shall be one form of action, known as a "civil action," and encompassing cases at law or in equity or in admiralty. Rules 1–2, Fed.R.Civ.Proc. While there exists no right to a jury trial for cases in which jurisdiction is based sole-

1. The first cause of action is the only one remaining in the case given the court's choice of law determination, since plaintiff's second cause of action is grounded in Liberian law.

ly on admiralty jurisdiction, that problem is not an issue in the present action, where no jury trial has been demanded. Thus, in the instant case, although admiralty jurisdiction was not specifically pleaded, it is clearly present and the court finds itself to have jurisdiction on that ground.

■ Defendants' more substantive contention as to the general maritime law aspect of the first cause of action is that this too is time-barred. Cases brought pursuant to the general maritime law are governed by the doctrine of laches, rather than by any particular statute of limitations. *See, e. g., Oroz v. American President Lines,* 259 F.2d 636 (2d Cir. 1958). Pursuant to that doctrine, it is the rule that if the relevant state statute has not expired, then the complaint is timely brought and the burden is on the defendant in such case to show that prejudice and inexcusable delay have intervened so as to bar the bringing of the action. In the instant case, there has been no showing of such prejudice to the defendants nor of inexcusable delay on the plaintiff's part, so that the relevant issue in the case at this point is the applicable state statute of limitations.

■ In this respect, defendants' contention is that the appropriate statute of limitations is the three-year statute applicable in tort actions, whereas plaintiff maintains that the six year contract statute should be employed. This court finds that to the extent that the general maritime law aspect of the first cause of action relates to defendants' obligation to provide "maintenance and cure," such cause of action comes within the contract statute of limitations and is not time-barred. As this District has previously ruled, "The claim for maintenance and cure is based on an implied 'contractual obligation arising out of the nature of the employment.' The analogous statute of limitation therefore is CPLR § 213 par. 2." *Izquierdo v. Cities Service Oil Company,* 244 F.Supp. 758, 761 (S.D.N.Y.1965).

■ Accordingly, since the relevant statute of limitations is six years, and since there has been no showing that prejudice or inexcusable delay have intervened to bar the bringing of this action, the motion to dismiss brought on by defendants and construed as a summary judgment motion by this court is denied. The case shall proceed to trial on the limited issues of whether defendants failed to fulfill their obligation of "maintenance and cure" to plaintiff's decedent, and the damages resulting therefrom.

SO ORDERED.